# Exhibit B

1

```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
                            MIDLAND DIVISION

INTELLECTUAL VENTURES     *
   II LLC                 *
                          *      March 6, 2025
VS.                       *
                          * CIVIL ACTION NO. MO:24-CV-277
SOUTHWEST AIRLINES CO.    *

              BEFORE THE HONORABLE ALAN D ALBRIGHT
                  DISCOVERY HEARING (via Zoom)

APPEARANCES:

For the Plaintiff:     John W. Downing, Esq.
                       Kasowitz Benson Torres, LLP
                       333 Twin Dolphin Drive, Suite 200
                       Redwood Shores, CA 94065

                       Jeceaca An, Esq.
                       Kasowitz Benson Torres LLP
                       1633 Broadway
                       New York, NY 10019

                       Mark Siegmund, Esq.
                       Cherry Johnson Siegmund James, PLLC
                       7901 Fish Pond Road, Ste 2nd Floor
                       Waco, TX 76710

For the Defendant:     Samuel Wallace Dunwoody IV, Esq.
                       David Greer Henry, Esq.
                       Michael Craig Wilson, Esq.
                       Munck Wilson Mandala, LLP
                       2000 McKinney Avenue, Suite 1900
                       Dallas, TX 75201

Court Reporter:        Kristie M. Davis, CRR, RMR
                       PO Box 20994
                       Waco, Texas 76702-0994
                       (254) 666-0904


   Proceedings recorded by mechanical stenography,

transcript produced by computer-aided transcription.
```

```
09:30    1                    (Hearing begins.)
09:30    2                    DEPUTY CLERK:  A civil action in Case
09:30    3     MO:24-CV-277, Intellectual Ventures II LLC versus
09:30    4     Southwest Airlines Co.  Case called for a discovery
09:30    5     hearing.
09:30    6                    THE COURT:  Good morning, everyone.
09:30    7     Announcements from counsel, please.
09:30    8                    MR. SIEGMUND:  Good morning, Your Honor.
09:30    9     This is Mark Siegmund with Cherry Johnson Siegmund
09:30   10     James on behalf of plaintiff Intellectual Ventures.
09:30   11     With me this morning is John Downing and Jeceaca An,
09:30   12     and Mr. Downing will be arguing on behalf of plaintiff.
09:30   13     And we're ready to proceed.
09:30   14                    MR. WILSON:  Good morning, Your Honor.
09:30   15     This is Mike Wilson at Munck Wilson Mandala.  I'll be
09:31   16     arguing today.  I'm having some problem with the
09:31   17     camera, as you can see.  But I am joined by David Henry
09:31   18     in Waco.  But David texted me this morning indicating
09:31   19     that he had laryngitis and wouldn't be able to speak.
09:31   20     So we won't be hearing from David.
09:31   21                    THE COURT:  Good morning, all.
09:31   22                    I'm happy to take up the motion.
09:31   23                    MR. DOWNING:  Good morning, Your Honor.
09:31   24     May it please the Court.
        25                    THE COURT:  Yes, sir.
```

| | | |
|---|---|---|
| 09:31 | 1 | MR. DOWNING:  My name is John Downing |
| 09:31 | 2 | from Kasowitz Benson and Torres, and I'll be arguing |
| 09:31 | 3 | today. |
| 09:31 | 4 | THE COURT:  Okay. |
| 09:31 | 5 | MR. DOWNING:  The dispute is fairly |
| 09:31 | 6 | straightforward, Your Honor.  There's a motion before |
| 09:31 | 7 | Your Honor related to the first-to-file rule and the |
| 09:31 | 8 | customer suit exception.  That motion has been filed |
| 09:31 | 9 | and is fully briefed. |
| 09:31 | 10 | Before we filed our opposition for that |
| 09:31 | 11 | motion, we met and conferred with defendants and |
| 09:31 | 12 | requested a limited discovery to get some additional |
| 09:31 | 13 | information related to the arguments that they made in |
| 09:31 | 14 | their motion. |
| 09:31 | 15 | The parties discussed the OGP and this |
| 09:32 | 16 | Court's OGP related to venue and jurisdiction but were |
| 09:32 | 17 | unable to agree that the Court's OGP or some similar |
| 09:32 | 18 | procedure makes sense in this case. |
| 09:32 | 19 | And so, Your Honor, we -- you know, we |
| 09:32 | 20 | feel that, you know, some of the same issues in the |
| 09:32 | 21 | OGP, including efficiency, you know, where the relevant |
| 09:32 | 22 | documents are and those types of issues, you know, are |
| 09:32 | 23 | important for this particular case.  And we feel that |
| 09:32 | 24 | the Court having, you know, all of the -- the Court and |
| 09:32 | 25 | the plaintiff in this case having all of the |

```
09:32  1   information before it, you know, would best kind of
09:32  2   resolve the issue.
09:32  3              And before -- after the motion was
09:32  4   complete, Your Honor, also defendants have filed a
09:32  5   venue motion seeking to transfer the case to the
09:32  6   Northern District of Texas.
09:32  7              And so because that discovery procedure
09:32  8   is already under play, Your Honor, we believe that, you
09:32  9   know, with no prejudice to the parties, some limited
09:33 10   additional discovery related to these issues are
09:33 11   warranted in this case.
09:33 12              And so just framing the argument, Your
09:33 13   Honor, we think that this Court's procedures suggest
09:33 14   that this is reasonable and something that would help
09:33 15   the parties and the Court, but also, Your Honor, we
09:33 16   need this information in order to fully brief some of
09:33 17   the issues.
09:33 18              Your Honor may not have had the
09:33 19   opportunity to take a look at the motions yet, but
09:33 20   there are a number of issues related to the factors
09:33 21   that we need some additional information for.
09:33 22              There was a declaration by Christopher
09:33 23   Muhich submitted with their papers.  We have not had
09:33 24   the chance to understand or take Mr. Muhich's
09:33 25   deposition.
```

09:33  1               But specifically we need information
09:33  2  related to, you know, the number of suppliers that
09:33  3  provide this accused WiFi system.  We need information
09:33  4  related to what exactly Viasat provides versus what
09:34  5  exactly Southwest provides during the damage period in
09:34  6  this case.  And also, who exactly has the discovery
09:34  7  needed to understand some of these issues in this case.
09:34  8               And, you know, we appreciate the
09:34  9  declaration that was submitted.  And, you know, it is
09:34 10  helpful to understand, you know, some facts, but
09:34 11  certain facts and the language used in the declaration,
09:34 12  you know, makes it unclear whether, you know,
09:34 13  proceeding, whether this case falls squarely within the
09:34 14  customer suit exception or whether, you know, Viasat
09:34 15  would even have some of the discovery and we'd just be
09:34 16  submitting subpoenas in this case.
09:34 17               And so, Your Honor, unless Your Honor has
09:34 18  any other questions, you know, I'll take up any
09:34 19  questions at this time.
09:34 20               THE COURT:  I don't have any.
09:34 21               A response?
09:34 22               MR. WILSON:  Yes, Your Honor.
09:35 23               I think that if I was going to frame the
09:35 24  issues, I'd say it a little bit differently, and that
09:35 25  is whether or not Intellectual Ventures has shown

```
09:35   1    exceptional circumstances to warrant getting discovery
09:35   2    at this point to decide the sever and stay motion.
09:35   3    That's what the order governing proceedings requires in
09:35   4    order for them to get additional discovery at this
        5    point.
09:35   6              And so if you're to decide that, whether
09:35   7    or not there's exceptional circumstances, I think it's
09:35   8    maybe worthwhile to step back and look at the standard
09:35   9    for the sever and stay motion the Court's going to have
09:35  10    to decide.  The Court's very familiar with the customer
09:35  11    suit exception.
09:35  12              We cited the Kirsch opinion that Your
09:35  13    Honor entered in 2021.  And the standard of course
09:35  14    indicates, according to the Federal Circuit, that the
09:35  15    supplier suit -- the DJ suit that's pending in Delaware
09:35  16    takes precedence over the customer suit to avoid burden
09:35  17    on the customer -- here, that's Southwest Airlines --
09:35  18    in a circumstance where the technology supplier -- here
09:36  19    Viasat and Anuvu -- there's two of them -- is the true
09:36  20    defendant.
09:36  21              And as the Court knows, in order to
09:36  22    decide that motion, the Court only need find that there
09:36  23    is the potential for the DJ suit in Delaware to resolve
09:36  24    the major issues.  Not every issue; to resolve the
09:36  25    major issues.
```

```
09:36   1              And this Court's also indicated in the
09:36   2    Dali Wireless case, which we cited in the motion, that
09:36   3    part of the decision is does the bulk of the relevant
09:36   4    evidence lie with the suppliers?  Not all the evidence,
09:36   5    but the bulk of it.
09:36   6              I don't think the Court needs any further
09:36   7    discovery to decide that motion.  And I would point the
09:36   8    Court that it need look no further than the
09:36   9    infringement contentions that Intellectual Ventures has
09:36  10    provided.
09:36  11              There's two patents that accuse basically
09:36  12    in-flight WiFi systems that Southwest has on its plane.
09:36  13    And we've attached the infringement contentions for
09:36  14    those two patents, the '326 patent and '469 patent, to
09:37  15    the reply.
09:37  16              Again, there's two patents, the '326,
09:37  17    '469.  If you look at the infringement contentions for
09:37  18    both patents, the only hardware that is accused is the
09:37  19    Viasat routers, Viasat satellite dishes, and there's a
09:37  20    mention of the server which is also Viasat component.
09:37  21              More specifically, if you look at '326
09:37  22    patent, all that they have done, all that Intellectual
09:37  23    Ventures has done is accuse the Viasat router,
09:37  24    indicated through a data sheet from Viasat that that
09:37  25    router practices a WiFi standard, the 802.11 standard,
```

```
09:37   1   and then mapped the claims against the standard.
09:37   2               There's absolutely nothing about anything
09:37   3   that Southwest has control over or any steps that
09:37   4   Southwest performs.  And so their own contentions on
09:37   5   the '326 make it very clear that Viasat's the true
09:37   6   defendant, that the bulk of discovery and the major
09:37   7   issues will be decided in Delaware.
09:37   8               And then on the '469 patent, again, if
09:38   9   you look at they've asserted Claim 24, this is Exhibit
09:38  10   B, I believe, to the reply, they accuse the Viasat
09:38  11   satellite dish, the Viasat router, mention the Viasat
09:38  12   server as bases to argue potential infringement under
09:38  13   Claim 24 of the '469.
09:38  14               And I understand IV in their response
09:38  15   says they want to assess the veracity of Mr. Muhich's
09:38  16   declaration.  All that Mr. Muhich's declaration does is
09:38  17   confirm exactly what Intellectual Ventures has already
09:38  18   alleged in its infringement contentions, that Anuvu and
09:38  19   Viasat are the only providers of this technology and
09:38  20   that Southwest has no control over it.
09:38  21               If you look at Paragraphs 2 and 3 of the
09:38  22   Muhich declaration, he says very clearly, Anuvu and
09:38  23   Viasat, these manufacturer vendors provide all the
09:38  24   hardware, software, and connectivity services required
09:39  25   to operate the systems.
```

```
09:39   1              And then in Paragraph 3, the manufacturer
09:39   2   vendors maintain exclusive design control over the
09:39   3   components, configurations, functions, including the
09:39   4   operation of passenger connection portal functionality.
09:39   5              So I understand they say they want to
09:39   6   assess the veracity of that.  I don't understand why
09:39   7   when all that declaration does is confirm exactly what
09:39   8   they put in their infringement contentions, which was
09:39   9   that their understanding was that Viasat and Anuvu
09:39  10   provide these systems and they've not accused any
09:39  11   separate Southwest component, functionality, product as
09:39  12   being part of the infringement story.
09:39  13              And so again, I would point out we're
09:39  14   talking about post briefing discovery in a circumstance
09:39  15   where they have to show exceptional circumstances to
09:39  16   engage in any infringement discovery at this stage of
09:39  17   the case under the Court's order governing proceedings.
09:39  18              Here, they have presented no evidence to
09:39  19   suggest that Southwest is involved in any of these
09:40  20   things.  Mr. Muhich's declaration is unrebutted and is
09:40  21   wholly consistent with their complaint and their
09:40  22   infringement contentions, and I just don't believe
09:40  23   there's any exceptional circumstances, no reason to
09:40  24   delay this motion, open discovery, do another round of
09:40  25   briefing, or any of that.
```

| | | |
|---|---|---|
| 09:40 | 1 | The standard is very broad.  The Court |
| 09:40 | 2 | need only decide that the major issues will be decided |
| 09:40 | 3 | in Delaware.  And I don't believe the Court needs any |
| 09:40 | 4 | further discovery to decide that motion. |
| 09:40 | 5 | THE COURT:  Thank you, sir. |
| 09:40 | 6 | And a rebuttal? |
| 09:40 | 7 | MR. DOWNING:  Yes, Your Honor. |
| 09:40 | 8 | Just a couple of quick points. |
| 09:40 | 9 | You know, first, I believe, you know, |
| 09:40 | 10 | counsel suggested that we were, you know, going to |
| 09:40 | 11 | advocate for, you know, infringement discovery.  You |
| 09:40 | 12 | know, we're not -- we're not seeking discovery that's |
| 09:40 | 13 | outside of the, you know, the four corners of their |
| 09:40 | 14 | motion.  We're not going to be, you know, reviewing |
| 09:40 | 15 | source code and those types of issues. |
| 09:40 | 16 | We just want to know what components are |
| 09:40 | 17 | provide -- you know, what components are provided, what |
| 09:41 | 18 | Southwest provides, what Viasat provides.  At least |
| 09:41 | 19 | what they're contending.  And we'd like to test |
| 09:41 | 20 | Mr. Muhich's declaration which, as you can imagine, is |
| 09:41 | 21 | at a very, very high level.  I can provide you an |
| 09:41 | 22 | example. |
| 09:41 | 23 | But the second issue I want to address |
| 09:41 | 24 | also is that, you know, based on the infringement |
| 09:41 | 25 | contentions which rely on, you know, public information |

```
09:41   1    that, you know, we, you know, we have -- we somehow,
09:41   2    you know, have not been able to kind of show the
09:41   3    connection that we need to show without access to
09:41   4    nonpublic information.
09:41   5              And we've identified, you know, examples
09:41   6    in our opposition of where, you know, we believe there
09:41   7    is -- there is Southwest-specific information versus,
09:41   8    you know, something from Viasat or Anuvu.
09:41   9              You know, and just to give you an
09:41   10   example, you know, counsel stated in reference of
09:41   11   declaration, but they say things like the manufacturer
09:41   12   vendors are responsible for providing and implementing
09:42   13   any updates or changes to the system including the
09:42   14   operation of passenger connection portal functionality.
09:42   15   And they provide all the hardware, software, and
09:42   16   connectivity services required to operate their
09:42   17   respective in-flight WiFi systems.
09:42   18             And that's in the declaration Paragraph 2
09:42   19   and 3.
09:42   20             But we -- you know, from our perspective,
09:42   21   it's difficult to understand what that means.  And as
09:42   22   the Court, you know, and the Court has addressed this
09:42   23   issue on many different occasions.  The Court is going
09:42   24   to look at, you know, the stay factors and also going
09:42   25   to look at things like undue prejudice and whether to
```

```
09:42   1    stay simplifies issues in the trial in this case and
09:42   2    those types of issues.
09:42   3              And it's not clear on the face of this
09:42   4    declaration if Viasat is the actual party that has this
09:42   5    information or if it's some third party, you know,
09:42   6    component maker that we have to subpoena, you know, in
09:42   7    some other jurisdiction.  And specifically in the DJ
09:42   8    complaints that were filed in Delaware, they identify
09:43   9    third party -- third-party components as relevant to
09:43   10   those allegations.
09:43   11             And so it's just unclear right now from
09:43   12   what's being provided whether or not this customer suit
09:43   13   case should apply.
09:43   14             And we believe, Your Honor, with Your
09:43   15   Honor's OGP, this is, you know -- you know, to the
09:43   16   extent that exceptional circumstances are required,
09:43   17   when you have a situation that's very, very close to
09:43   18   jurisdiction and venue, when you have a situation where
09:43   19   somebody has submitted a declaration that we're unable
09:43   20   to rebut, you know, based on access to information,
09:43   21   that this is an exceptional case and indeed this Court
09:43   22   has -- has, you know, provided examples of it through
09:43   23   the venue and through the jurisdictional issues, that
09:43   24   this type of limited discovery, you know, is something
09:43   25   that makes sense.
```

```
09:43   1                    And, Your Honor, if you don't have any
09:43   2    questions, I'll rest.
09:43   3                    THE COURT:  Anything else?
09:43   4                    MR. WILSON:  Your Honor, if I may briefly
09:44   5    reply.
09:44   6                    Looking at an e-mail from Mr. Downing
09:44   7    about what he wants discovery on.  Item No. 1:
09:44   8    Components, hardware, and software Southwest contends
09:44   9    perform the accused functionalities.  That sounds like
09:44  10    infringement discovery to me.
09:44  11                    He mentioned, you know, that he needs
09:44  12    discovery on the number of suppliers.  That's
09:44  13    undisputed.  They've alleged Anuvu and Viasat and
09:44  14    Mr. Muhich's confirmed that.
09:44  15                    And then Item No. 2 was what Viasat
09:44  16    provides to Southwest.  That discovery's fully
09:44  17    available in the Delaware suit directly from Viasat.
09:44  18                    THE COURT:  Is that it?
09:44  19                    MR. DOWNING:  Your Honor, I just -- you
09:44  20    know, just very, very quickly.  You know, we have what
09:44  21    we have.  You know, we would need to know, you know,
09:44  22    for example, we get six years, you know, back.  And so
09:44  23    if there's some supplier that is in some of the
09:44  24    historical records, we would want to know information
09:44  25    like that.
```

```
09:44  1               And we don't want, you know, design
09:44  2   documentation related to -- if, you know, if it's not
09:44  3   needed.  We just need to know what they're contending
09:44  4   are the relevant components so we can make an
09:45  5   assessment of the customer suit factors.
09:45  6               Now, we don't necessarily need -- you
09:45  7   know, we think that this case is going to -- this
09:45  8   Court, you know, is going to side with us, you know,
09:45  9   even if the Court didn't apply this based on the
09:45  10  factors.  But to have a complete record, you know, in
09:45  11  this specific case, we think additional discovery is
09:45  12  warranted.
09:45  13              THE COURT:  I'll be back in a second.
09:45  14              (Pause in proceedings.)
09:46  15              THE COURT:  Okay.  As I understand it, to
09:46  16  make the record clear, plaintiff's seeking four hours
09:46  17  of depositions of the declarant.  I think that's --
09:46  18  seems a little much.  Plus five RFPs and five rogs.
09:46  19              I'm going to grant the relief that's
09:46  20  being sought, but, you know, I guess you never know,
09:46  21  but it seems to me -- let me ask the plaintiff why -- I
09:46  22  don't know why you would need more than two -- from --
09:46  23  I mean, the guy has given the declaration.  I mean,
09:46  24  didn't write the declaration -- evidence.
09:46  25              MR. DOWNING:  Your Honor, whatever you're
```

```
09:46   1    inclined, you know, to give, we're happy with and we're
09:46   2    happy to meet and confer on this, you know, to do this
09:46   3    and --
09:46   4                THE COURT:  Okay.  All right.  I'm going
09:47   5    to say two hours.  And if -- but, you know, I want the
09:47   6    rule of reason to -- if you're in the middle of
09:47   7    something and you want to finish it up or you can show
09:47   8    the other side there's a legitimate reason for you to
09:47   9    wrap some stuff up, that's fine with me too.  But I
09:47  10    think you should try to get it done if you can in two
09:47  11    hours.
09:47  12                Is there anything else we need to take
09:47  13    up?
09:47  14                MR. WILSON:  No, Your Honor.
09:47  15                MR. SIEGMUND:  Not from plaintiff, Your
09:47  16    Honor.
09:47  17                THE COURT:  Have a good day.  Take care.
09:47  18                (Hearing adjourned.)
       19
       20
       21
       22
       23
       24
       25
```

*KRISTIE M. DAVIS, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)*

```
 1   UNITED STATES DISTRICT COURT )

 2   WESTERN DISTRICT OF TEXAS    )

 3

 4

 5              I, Kristie M. Davis, Official Court

 6   Reporter for the United States District Court, Western

 7   District of Texas, do certify that the foregoing is a

 8   correct transcript from the record of proceedings in

 9   the above-entitled matter.

10              I certify that the transcript fees and

11   format comply with those prescribed by the Court and

12   Judicial Conference of the United States.

13              Certified to by me this 2nd day of June

14   2025.

15
                              /s/ Kristie M. Davis
16                            KRISTIE M. DAVIS
                              Official Court Reporter
17                            PO Box 20994
                              Waco, Texas 76702
18                            (254) 666-0904
                              kmdaviscsr@yahoo.com
19

20

21

22

23

24

25
```

09:47