IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES II, LLC,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:25-CV-3097-L** |
| **SOUTHWEST AIRLINES, CO.,** | § § § | |
| Defendant. | § | |

# ORDER

Pursuant to Federal Rule of Civil Procedure 42(a),[1] this action is **consolidated** with *Intellectual Ventures I LLC, et al. v. Southwest Airlines Co.*, 3:25-CV-02885-L-BN. Henceforth, all pleadings shall be filed in Civil Action 3:25-CV-02885-L-BN and shall bear the legend "Consolidated with 3:25-CV-3097-L." The clerk of court **shall** docket this order in this case and Civil Action 3:25-CV-02885-L-BN and **close** Civil Action 3:25-CV-3097-L upon the filing of this order.

Further, to avoid piecemeal litigation and confusion moving forward, the court **directs** Plaintiff Intellectual Ventures II, LLC ("Plaintiff") to file a second amended complaint in the consolidated action by **December 22, 2025**, that sets forth all claims and supporting factual allegations that it intends to assert against Defendant Southwest Airlines, Co. ("Defendant") in the

---

[1] Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

District courts have broad discretion in deciding whether consolidation of actions is warranted and may do so *sua sponte*. *Morrison v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); and *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).

**Order – Page 1**

consolidated action. For the same reasons, the court also **denies without prejudice** the pending Motions to Dismiss filed in both actions.[2] Defendant may file a single Motion to Dismiss in accordance with the Federal Rules of Civil Procedure and this District's Local Civil Rules after Plaintiff files a second amended complaint. Both parties' filings must also comply with any orders entered by Magistrate Judge David Horan in Civil Action 3:25-CV-02885-L-BN. *Failure of Plaintiff to comply with this order and file a second amended complaint by December 22, 2025, may result in the sua sponte dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order or failure to prosecute.*

    **It is so ordered** this 21st day of November, 2025.

                                              Sam A. Lindsay
                                              United States District Judge

---

[2] The pending Motions to Dismiss include Document No. 9 filed in Civil Action 3:25-CV-3097-L. Several Motions to Dismiss were also filed in Civil Action 25-CV-02885-L-BN. It does not appear that any of these Motions were ruled on before the case was transferred to the Northern District of Texas. These Motions include Document Nos. 13, 55, and 68. The docket sheet reflects that Defendant also filed a Motion to Dismiss on January 27, 2025 (Doc. 11), but this Motion appears to have been mooted when Defendant filed another Motion to Dismiss (Doc. 13) in response to a Notice of Deficiency.

**Order – Page 2**