IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-cv-02885-L-BN<br><br>Consolidated with 3:25-cv-03097-L<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SOUTHWEST AIRLINES CO.'S
RULE 12(b)(6) MOTION TO DISMISS**

Plaintiffs' Amended Complaint for Patent Infringement (Dkt. 97) ("Complaint") fails to state a claim under Rule 12(b)(6) and should be dismissed. For the reasons stated in Southwest's Brief in Support of its Rule 12(b)(6) Motion to Dismiss filed concurrently herewith and incorporated by reference as if fully set forth herein, Southwest respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims with prejudice.

*First*, **IV asserts numerous old, broadly worded software patents claiming abstract ideas implemented on generic hardware that are invalid under 35 U.S.C. § 101.** Since *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), courts apply a rigorous two-step framework to scrutinize patents claiming abstract ideas, frequently resulting in invalidation at the motion to dismiss stage. The § 101 arguments presented in this motion focus on five patents:

- The '582 Patent claims the abstract idea of first-come, first-served task scheduling;

- The '844 and '282 Patents claim the abstract concept of organizing and storing different categories of data in different locations—a "root-leaf" structure;

- The '722 Patent claims routing update messages to registered clients; and
- The '080 Patent claims divide-and-conquer parallel computing.

Critically, none of these patents disclose a technological improvement to computer functionality; they merely apply abstract ideas using general-purpose computers. Under *Alice* and its progeny, Counts I, II, V, VI, and VIII should be dismissed.

***Second*, IV improperly seeks pre-suit damages without plausibly alleging compliance with the marking statute, 35 U.S.C. § 287.** To recover past damages, IV must allege that it and its licensees marked products practicing the patents. Despite Southwest raising this issue in earlier motions, the Complaint remains silent on whether any marking occurred—even though IV's infringement theories accuse unmarked software and systems supplied by IV's licensees. Without plausible allegations of marking, IV's claims for pre-suit damages must be dismissed.

***Third*, the Complaint fails to identify any specific Southwest product or service that infringes.** IV alleges that "any Southwest system or service" using third-party tools like Docker, Kafka, Spark, and Hadoop infringes, while simultaneously acknowledging that many providers and upstream suppliers are *already licensed*. By disregarding those licenses, IV fails to allege any unlicensed or unauthorized use. These vague allegations do not provide fair notice under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

For these reasons, the Court should dismiss IV's Complaint under Rule 12(b)(6).

Dated: January 5, 2026                                    Respectfully submitted,

/s/ S. Wallace Dunwoody
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com
Lucas R. Dombroski
Texas Bar No. 24142846
ldombroski@munckwilson.com
**Munck Wilson Mandala, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
(972) 628-3600
(972) 628-3616 fax

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed and served to all counsel of record using the Court's CMECF system on January 5, 2026.

/s/ S. Wallace Dunwoody
S. Wallace Dunwoody

3