UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant.* | **Civil Action No. 3:25-CV-02885-L-BN (consolidated with 3:25-cv-03097-L)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND STAY CLAIMS AGAINST IN-FLIGHT CONNECTIVITY SYSTEMS BASED ON THE CUSTOMER-SUIT EXCEPTION**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 1

      A.   Another Texas court has decided similar issues in favor of Plaintiffs. ................. 1

      B.   The Customer Suit Exception does not apply here. .............................................. 2

      C.   The traditional stay factors do not warrant a stay here.......................................... 5

III.   CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Corydoras Techs., LLC v. Best Buy Co.*,
    No. 2:19-cv-00304-JRG-RSP, 2020 WL 1275782 (E.D. Tex. Mar. 17, 2020) .........................5

*Dali Wireless, Inc. v. Ericcson, Inc.*,
    6:22-CV-01313-ADA, 2023 WL 1423990 (W.D. Tex. Jan. 30, 2023) .....................................3

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
    No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................3

*Fleet Connect Sols., LLC v. Precision Drilling Corp.*,
    No. 6:21-CV-00987-ADA, 2022 WL 2373711 (W.D. Tex. June 30, 2022) .................2, 3, 4, 5

*Intellectual Ventures I LLC et al. v. American Airlines, Inc.*,
    No. 4:24-cv-980, Dkt. 65 (E.D. Texas July 30, 2025) ................................................................1

*Lexos Media IP LLC v. MSC Industrial Direct Co., Inc.*,
    No. 2:22-CV-1736-X2023 .........................................................................................................5

*Liberty Access Techs. Licensing LLC v. Wyndham Hotels and Resorts, Inc.*,
    No. 2:24-CV-00125-JRG, 2024 WL 4729750 (E.D. Tex. Nov. 8, 2024)..............................3, 4

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
    No. 2:19-CV-00025-JRG, 2019 WL 6344471 (E.D. Tex. Nov. 27, 2019)................................3

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006)..................................................................................................4

*Wapp Tech. Ltd. Partnership v. Bank of America Corp.*,
    No. 4:18-CV-00519, 2019 WL 3890171 (E.D. Tex. Aug. 19, 2019).........................................4

I.  **INTRODUCTION**

Defendant Southwest Airlines Co.'s ("Defendant" or "Southwest") motion to sever and stay Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC's ("Plaintiffs" or "IV") claims for two patents relating to Southwest's incorporation and provision of in-flight Wi-Fi connectivity to its customers should be denied for multiple reasons. ***First***, the Eastern District of Texas has considered similar facts and rejected such a motion to sever and stay as to exactly the same two patents. ***Second***, Southwest cannot meet the requirements of the Customer Suit Exception because the systems at issue involve more than Southwest's mere resale or use of another manufacturer's product and the manufacturers are not the only source of infringement. Southwest uses at least two suppliers for the Accused Functionality (and potentially other suppliers as well), both of which have filed DJ actions in Delaware. Southwest incorporates those manufacturers' products into Southwest's airplanes to provide specific services to Southwest's customers through Southwest's internet portal, which involves infringement extending beyond the subject manufacturers. ***Third***, a stay would not simplify the litigation, is inconvenient, and would force IV to litigate its infringement claims against Southwest in separate courts in two different states.

II.  **ARGUMENT**

   A.  **Another Texas court has decided similar issues in favor of Plaintiffs.**

Southwest's motion should be denied for at least the same reasons provided in a matter with similar facts. *See generally Intellectual Ventures I LLC et al. v. American Airlines, Inc.*, No. 4:24-cv-980, Dkt. 65 (E.D. Texas July 30, 2025). There, a Texas court expressly rejected the notion that airlines like American—and by extension, Southwest—are merely passive customers. The court concluded: "American Airlines has been accused of operating systems that are integral to the provision of the infringing service." *Id.* at 5. Here, IV has similarly alleged that Southwest actively

participates in the design, integration, and user experience of the accused connectivity systems. Dkt. 46 at 2. That court rejected both a Customer Suit exception and discretionary stay arguments raised by American (which Southwest relies upon in part in support of its own motion). Specifically, that court found that two of the three factors for the Customer Suit exception did not apply, and noted that the third factor favored a stay "with little practical effect" and was "not dispositive in light of the accused systems' multi-vendor structure." *Id*. at 5-6. The court also denied a discretionary stay where two of the three traditional stay factors weighed against a stay. The court noted that a "stay limited to claims involving Viasat systems would effectively split Plaintiffs' case into parallel proceedings in (at least) two different courts, despite the overlapping factual issues and the asserted claims covering system-level functionality." *Id*. at 7. Further, that court noted that "Plaintiffs allege that Defendant's conduct—not only that of Viasat—is part of the infringement theory" and that resolving the Delaware action would not eliminate the need for fact discovery, claim construction, or trial on those issues." *Id*. at 8. This finding applies here as well. While that court found the third stay factor weighed in favor of a stay, it noted that, "[a]lthough Defendant has agreed to be bound by the Delaware court's ruling in this nascent case, such an agreement does not outweigh the fragmented litigation and inefficiencies that would result from staying only a subset of claims involving one of several third-party vendors. A stay would not materially simplify the issues in this case or conserve judicial resources, as Viasat is not the sole provider of the accused systems and Plaintiffs' infringement allegations implicate more than mere passive use of third-party hardware." *Id*. at 8-9. That logic applies here as well.

      B.      <u>**The Customer Suit Exception does not apply here.**</u>

The customer suit exception to the first to file rule is inapplicable here. This exception is applied to "avoid wasteful expenditure of resources" and in a manner that "substantial savings of litigation resources can be expected." *Fleet Connect Sols., LLC v. Precision Drilling Corp.,* No.

2

6:21-CV-00987-ADA, 2022 WL 2373711, at *2 (W.D. Tex. June 30, 2022) ("*Fleet*"). In deciding whether to apply the customer suit exception, the Court analyzes: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *Id.*

Southwest cannot meet this test because it is not merely a reseller and because the relevant manufacturers are **_not_** the only sources of infringement for the '326 Patent and '469 Patent. **_First_**, Southwest is not a reseller or a mere user of Viasat and Anuvu systems[1] because Southwest does not simply purchase and utilize those products in their "off the shelf" condition.[2] *See Fleet* at *3. Rather, Southwest incorporates those products into its aircraft for "in flight" passenger use. *See, e.g.,* Dkt. 1-11 at 2 ("The Accused Systems and Services *include without limitation Southwest systems and services* that provide Wi-Fi access points …") (emphasis added); *id.* at 7-8 ("Southwest provides in flight Wi-Fi connectivity through provider equipment provided by Viasat and Anuvu"); *id.* at 9 (Viasat's products are used to provide Southwest's "inside the cabin" connectivity services); Dkt. 1-12 at 2 ("The Accused Systems and Services include without limitation Southwest systems and services that provide onboard Wi-Fi in its airplanes"). For

---

[1] The '326 patent is not asserted in the Delaware matter involving Anuvu.
[2] *See Dali Wireless, Inc. v. Ericcson, Inc.,* 6:22-CV-01313-ADA, 2023 WL 1423990, at *3 (W.D. Tex. Jan. 30, 2023) (customer was not mere reseller where customer "incorporates [manufacturer's] product into [customer's] own systems"); *Liberty Access Techs. Licensing LLC v. Wyndham Hotels and Resorts, Inc.,* No. 2:24-CV-00125-JRG, 2024 WL 4729750, at *2 (E.D. Tex. Nov. 8, 2024) (rejecting customer suit exception where "Plaintiff's infringement theory relies on a combination of [manufacturer's] and [defendant's] functionalities); *Rembrandt Wireless Techs., LP v. Apple Inc.,* No. 2:19-CV-00025-JRG, 2019 WL 6344471, at *3-4 (E.D. Tex. Nov. 27, 2019) (denying motion to stay under customer suit exception where Apple incorporated chipsets of manufacturers in accused Apple products); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.,* No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *3 (E.D. Tex. Apr. 26, 2016) (customer use exception inapplicable where customer did not infringe by using manufacturer's product "off the shelf").

3

example, IV alleges infringement specifically of claim 24 of the '469 Patent, which recites elements that Anuvu and Viasat's complaints do not address. Claim 24 recites in part "*a web-ready device* operatively coupled to the at least one router … having a browser application operating thereon" and "wherein *the user may authenticate the subscription account* and access the Internet." Dkt. 1-5 at 8:33-35 (emphasis added). A customer portal designed specifically for Southwest is not an "off the shelf" product, even if Viasat and Anuvu are involved somehow in its design. Thus, IV's complaint involves allegations of how *Southwest* enables its passengers to access in-flight Wi-Fi through steps and components that go beyond Viasat and Anuvu's "in-flight Wi-Fi systems." Even assuming *arguendo* Viasat's and Anuvu's products alone directly infringe the '469 Patent, that does not mean Southwest's conduct and services do not directly and indirectly infringe that patent, for example in the context of web-ready devices not provided by Viasat and Anuvu.

**Second**, neither Viasat nor Anuvu is the "only source of the infringing product." *See* Dkt. 1-12 at 4 n. 2 ("Based on publicly available information, Plaintiffs have identified Viasat and Anuvu as Wi-Fi and/or In-Flight Connectivity providers for Southwest. To the extent Southwest has used other IFC providers … Plaintiffs reserve the right to investigate such use"). Accordingly, Southwest also cannot satisfy the third customer suit exception prong. *See Fleet, supra; see also Liberty Access,* 2024 WL 4729750, at *3 (finding customer suit exception did not apply where the purported customer "relies on a combination of functionality provided by [purported manufacturer] and [it]'s own platforms, systems, and mobile application," and explaining that software interface that is provided by the customer weighs against a stay); *see also Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006).[3]

---

[3] Southwest relies in part on the declaration of Christopher Muhich to support its motion. IV has had no opportunity to depose Mr. Muhich or investigate his contentions relating to the motion to sever and stay. At a minimum, IV should be allowed to investigate Southwest's contentions before the Court rules on Southwest's motion. *See, e.g., Wapp Tech. Ltd. Partnership v. Bank of America*

4

### C. The traditional stay factors do not warrant a stay here.

A stay is also not warranted under the traditional stay factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed and a trial date has been set." *Fleet, supra,* at *2; *see also Lexos Media IP LLC v. MSC Industrial Direct Co., Inc.*, No. 2:22-CV-1736-X2023, WL 11967299, at *2 (N.D. Tex. Sep. 6, 2023). Staying this action would prejudice IV because a stay would delay enforcement of its patents and risk spoliation of infringement evidence. Indeed, because the Customer Suit exception factors are not met, the traditional stay factors are also not met. *See Fleet, supra,* at *4 ("in failing to show that it is a mere reseller, [defendant] has not shown that the issues of direct infringement are clearly common between these cases or that [ViaSat] has possession, custody, and control of the discovery and witnesses needed to address the issues of infringement. [I]t is unlikely that a stay will simplify the issues in this Action. This is typically the most important factor in the stay analysis … All a stay would accomplish is delay [plaintiff] from seeking vindication of its hard-won patent rights …."). Litigating these issues in Delaware would also prejudice IV because "(1) [IV] would not be able to address issues related to [Southwest] along with all of the related issues and (2) any favorable relief for [IV] could be substantially delayed if this case were stayed." *See Corydoras Techs., LLC v. Best Buy Co.,* No. 2:19-cv-00304-JRG-RSP, 2020 WL 1275782, at *5 (E.D. Tex. Mar. 17, 2020) (concluding that the prejudice factor "weighed against a stay because of the increased expense and delay.") Moreover, a stay in this litigation will not resolve issues here, as described above.

### III. CONCLUSION

For the foregoing reasons, Southwest's motion to stay should be denied in its entirety.

---

*Corp.*, No. 4:18-CV-00519, 2019 WL 3890171, at *3 (E.D. Tex. Aug. 19, 2019) (denying as premature motion to stay to allow discovery on applicability of customer use exception).

Dated: January 27, 2026                                RESPECTFULLY SUBMITTED,

*/s/ William D. Ellerman*
William D. Ellerman (TX Bar No. 24007151)
wellerman@CJSJLAW.com
**Cherry Johnson Siegmund James PLLC**
8140 Walnut Hill Lane
Suite 105
Dallas, TX 75231
Telephone: 254-732-2242
Facsimile: 866-627-3509

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**Cherry Johnson Siegmund James PLLC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

Jonathan K. Waldrop (CA Bar No. 297903)
(*Pro hac vice* forthcoming)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(*Pro hac vice* forthcoming)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(*Pro hac vice* forthcoming)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted *pro hac vice*)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(*Pro hac vice* forthcoming)
tnguyen@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(Admitted *pro hac vice*)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)

(Admitted *pro hac vice*)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street, N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6102
Facsimile: (404) 393-9752

*Attorneys for Plaintiffs*
*INTELLECTUAL VENTURES I LLC and*
*INTELLECTUAL VENTURES II LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 27th day of January, 2026, via the Court's CM/ECF system.

>  */s/ William D. Ellerman*
>  William D. Ellerman