**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,** | § § § | |
| **Plaintiffs,** | § § | **Civil Action No. 3:25-cv-02885-L-BN** |
| **v.** | § § | **Consolidated with 3:25-cv-03097-L** |
| **SOUTHWEST AIRLINES CO.,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § | |

---

**SOUTHWEST AIRLINES CO.'S SUR-SUR REPLY IN SUPPORT OF ITS MOTION TO
SEVER AND STAY CLAIMS AGAINST IN-FLIGHT CONNECTIVITY SYSTEMS BASED ON
THE CUSTOMER-SUIT EXCEPTION**

---

**TABLE OF CONTENTS**

I.    BACKGROUND ........................................................................................................ 1

II.   ARGUMENT AND AUTHORITIES ...................................................................... 2

    A.  The Customer-Suit Exception Applies to IV's In-Flight Connectivity Claims. ............. 2

        1.  Viasat and Anuvu are the sole manufacturers of the accused systems. .................. 2

        2.  Southwest agreed to be bound by the Delaware Actions. ...................................... 3

        3.  Southwest is a mere user of Viasat's and Anuvu's Systems. ................................. 3

    B.  The Eastern District's Order Supports Southwest's Motion. ......................................... 4

    C.  The Traditional Stay Factors Favor Southwest. ............................................................. 5

III.  CONCLUSION....................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CyWee Grp. Ltd. v. Huawei Device Co.*,
  2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ..................................................5

*Flygrip, Inc. v. Walmart Inc.*,
  2022 WL 2373714 (W.D. Tex. June 29, 2022) ..................................................3

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
  2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ....................................................5

*Hawk Tech. Sys., LLC v. Huddle House, Inc.*,
  2021 WL 1738977 (N.D. Miss. May 3, 2021) ...................................................2

*Liberty Access Techs. Licensing LLC v. Wyndham Hotels & Resorts, Inc.*,
  2024 WL 4729750 (E.D. Tex. Nov. 8, 2024) ....................................................3

*Polaris Powerled Techs., LLC v. Dell Techs.*,
  2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ..................................................5

*Richmond v. Forever Gifts, Inc.*,
  2015 WL 11120883 (N.D. Tex. Mar. 18, 2015) .................................................5

*Slick Slide LLC v. NKDZ DFW, LLC*,
  2024 WL 733641 (N.D. Tex. Feb. 19, 2024)..........................................2, 3, 4, 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011).........................................................................5

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006).....................................................................2, 3

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
  2005 WL 2415960 (N.D. Tex. Sept. 30, 2005)..................................................5

**Statutes**

35 U.S.C. § 286...............................................................................................................3

35 U.S.C. § 287...............................................................................................................3

IV's sur-reply confirms that the Court should grant Southwest's motion to sever and stay. Contrary to its representation, IV already took the discovery it claims to need, and that discovery confirmed that both the customer-suit exception and the traditional factors support a stay.

## I.    BACKGROUND

In November 2024, IV filed this action alleging infringement of, among other patents, U.S. Patent Nos. 8,027,326 and 7,324,469. Dkt. 1. IV also filed suit against American Airlines in the Eastern District of Texas; in both actions, IV alleges that the airlines infringe the '326 and '469 patents by using in-flight connectivity ("IFC") systems. *IV v. American Airlines*, No. 24-980, (E.D. Tex.) ("*IV v. American*"), Dkt. 1. In January 2025, Southwest's IFC suppliers, Viasat, Inc. and Anuvu Corp., filed declaratory judgment actions on the '326 and '469 patents in the District of Delaware. *See Viasat v. IV*, No. 25-56 (D. Del.) ("*Viasat v. IV*"), Dkt. 1; *Anuvu Corp. v. IV*, No. 25-124 (D. Del.) ("*Anuvu v. IV*" and together with *Viasat v. IV*, the "Delaware Actions"), Dkt. 1.

Southwest moved to sever and stay IV's claims on the '326 and '469 patents under the customer-suit exception to the first-to-file rule. Dkt. 17. Notwithstanding misstatements in IV's recent brief, IV took discovery on this motion. *See* Dkts. 19, 43, 48. That discovery confirmed that:

- Viasat and Anuvu provide Southwest the complete IFC systems—all the hardware and all the software—accused of infringement of the '326 and '469 patents (Dkt. 49 § II.B);

- Southwest does not design, manufacture, control, or modify the accused functionality and does not have knowledge or possession of any source code (Dkt. 49 §§ II.A-B);

- Southwest relies exclusively on Viasat and Anuvu for operation of the accused IFC systems (Dkt. 49 §§ II.A-B); and

- Viasat and Anuvu have agreed to indemnify Southwest against allegations of infringement of the '326 and '469 patents (Dkt. 49 § II.C).

IV moved to dismiss, stay, or transfer the Delaware Actions. *See Viasat v. IV*, Dkt. 13; *Anuvu v. IV*, Dkt 12. Chief Judge Connolly denied IV's motions, finding that "it makes most sense to litigate" the '326 and '469 patents "in Delaware." Dkt. 57 at 2 (quoting *Viasat v. IV*, Dkt. 60 at

119:21 to 120:14). The Delaware Actions have since proceeded to discovery, and claim construction briefing is underway. *Viasat v. IV*, Dkts. 68, 70, 73, 99; *see also Anuvu v. IV*, Dkt. 36.

## II.    ARGUMENT AND AUTHORITIES

### A.    The Customer-Suit Exception Applies to IV's In-Flight Connectivity Claims.

Under "the customer suit doctrine, litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer because in reality, the manufacturer is the true defendant in the customer suit." *Hawk Tech. Sys., LLC v. Huddle House, Inc.*, 2021 WL 1738977, at *1 (N.D. Miss. May 3, 2021) (citation modified). "The guiding principles underlying the customer-suit exception are 'efficiency and judicial economy.'" *Slick Slide LLC v. NKDZ DFW, LLC*, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024) (quoting *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)). The Delaware Actions will resolve IV's infringement claims, validity, and patent eligibility on the '326 and '469 patents for the accused IFC systems in this case as well as other products IV accuses.[1] Each of the customer-suit factors supports the motion.

### 1.    Viasat and Anuvu are the sole manufacturers of the accused systems.

Unlike in the American Airlines case, Viasat and Anuvu are the sole manufacturers of the accused systems in this action. Dkt. 17 § III.B.3; Dkt. 20 § III; Dkt. 49 § III.A.3. Southwest supported its motion with the declaration of its executive Christopher Muhich, who explained that Southwest's IFC "systems are designed, supplied, and managed by two manufacturer-vendors," Viasat and Anuvu. Dkt. 17-1 ¶ 2. Perplexingly, IV asserts that it "has had no opportunity to depose Mr. Muhich or investigate his contentions relating to the motion to sever and stay," and "should be allowed to investigate Southwest's contentions before the Court rules on Southwest's motion."

---

[1] IV served infringement contentions accusing not only IFC systems, but also systems for ships, buses, and small business aircraft. *Viasat v. IV*, Dkt. 54.

Sur-Reply at 4 n.3. But IV already conducted discovery on this very issue and deposed Mr. Muhich on May 13, 2025. Dkt. 49 § II.B; *see also* Dkts. 46-2, 46-3, 49-2, 49-3, 49-4, 49-5. That discovery confirmed that Viasat and Anuvu—not Southwest—design, develop, and provide the **complete accused systems**—all of the hardware and software. Dkt. 49-5 at 71:23- 72:1, 70:19-22.

Ignoring this evidence, IV argues that "neither Viasat nor Anuvu is the 'only source of the infringing product.'" Sur-Reply at 4. But it identifies no other provider and supports its claim only by citing its own pleading—mere allegations, not evidence.[2] During discovery, Southwest produced a contract with Panasonic for IFC systems, which terminated in October 2018, before the damages period available to IV under 35 U.S.C. § 286. *See* Dkt. 49 § II.D. And IV could not recover for any lingering Panasonic systems within the damages period, anyway: IV asserts only system claims of the '326 and '469 patents and does not plead compliance with the marking statute, 35 U.S.C. § 287. Dkt. 48 at 6–7. Viasat and Anuvu are thus the sole manufacturers of all systems against which IV alleges any actionable infringement.

## 2. Southwest agreed to be bound by the Delaware Actions.

Southwest has agreed "not to relitigate and to be bound in this action by any infringement or validity determinations in the manufacturer's actions in Delaware." Dkt. 49 at 5-6; Dkt. 17 § III.B.2. This "weighs heavily in favor of staying the [] suit." *Slick Slide*, 2024 WL 733641, at *4.

## 3. Southwest is a mere user of Viasat's and Anuvu's Systems.

Southwest is a "mere downstream purchaser[]" of Viasat's and Anuvu's systems. *Slick*

---

[2] IV's cases are irrelevant. *Fleet Connect Sols., LLC v. Precision Drilling Corp.* did not consider this factor. 2022 WL 2373711, at *2 (W.D. Tex. June 30, 2022); *Liberty Access Techs. Licensing LLC v. Wyndham Hotels & Resorts, Inc.* found that the claimed customer was not a customer. 2024 WL 4729750, at *3 (E.D. Tex. Nov. 8, 2024); and *Tegic Commc'ns Corp.*, included both "other software vendors" and "companies that are not customers of Tegic," true of which is true here. 458 F.3d at 1343. In cases involving multiple manufacturers, Courts may exercise "discretion to sever the claims involving" a subset of manufacturers that have filed declaratory judgment actions. *See Flygrip, Inc. v. Walmart Inc.*, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022).

*Slide*, 2024 WL 733641, at *3; *see* Dkt. 17 § III.B.1; Dkt. 20 § II; Dkt. 49 § III.A.1. Disregarding what the discovery confirmed, IV argues that Southwest is not a reseller or user of the accused systems because Southwest's system includes a "customer portal." Sur-Reply at 4. But discovery confirmed that Southwest provides "none" of the "hardware or software in connection with the operation of the in-flight Wi-Fi systems supplied by Viasat or Anuvu" (Dkt. 46-3 at 7-8), and Mr. Muhich testified that "we purchase a full system from each of the WiFi vendors," which includes the "customer portal." Dkt. 49-5 at 23:25-24:1; *see* Dkt. 49 § II.B. In deciding Southwest's motion, the Court should credit the uncontroverted evidence presented in the motion and disregard the inaccurate and unsubstantiated attorney argument IV offers in response. Sur-Reply at 3-4.[3]

## B.    The Eastern District's Order Supports Southwest's Motion.

IV claims that Judge Mazzant "expressly rejected the notion that airlines like American— and by extension, Southwest—are merely passive customers." Sur-Reply at 1. IV is incorrect. Judge Mazzant's ruling turned on findings unique to American Airlines, chiefly that American uses its "own infrastructure" for the "passenger facing web portal used for authentication and access." Dkt. 59 at 1 (quoting *IV v. American*, Dkt. 65 at 5). But discovery here unequivocally confirmed that Viasat and Anuvu provide this user-facing customer portal system to Southwest—a fact IV simply ignores. Dkt. 59 at 2; *see supra* § II. Second, the Eastern District relied on "American Airlines' 'use of multiple third-party providers—Viasat, Intelsat, and Panasonic—for in-flight Wi-Fi services." Dkt. 59 at 2 (quoting *IV v. American*, Dkt. 65 at 6). Of those providers, only Viasat brought a declaratory judgment action. By contrast, discovery in this case confirmed that Viasat and Anuvu "account for all of Southwest's allegedly infringing systems," and both have filed suit

---

[3] IV argues that Southwest contributes "web-ready devices not provided by Viasat and Anuvu"— but that is also false. The only "web-ready" devices on a Southwest airplane come from passengers (e.g., mobile phones). Unlike American Airlines, Southwest does not provide seat-back screens on any aircraft, and thus does not provide any "web-ready device." Sur-Reply at 4; Dkt. 20 at 2 n.1.

against IV. Dkt. 59 at 2. Severance is "appropriate where adjudication of claims against manufacturer defendant would dispose of claims against severed defendants." *Richmond v. Forever Gifts, Inc.*, 2015 WL 11120883, at \*2 (N.D. Tex. Mar. 18, 2015) (citing *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 WL 2415960, \*6 (N.D. Tex. Sept. 30, 2005)). The manufacturer actions will thus resolve all the issues related to all the accused products in this action.

**C.    The Traditional Stay Factors Favor Southwest.**

A stay will not disadvantage IV. Dkt. 17 § III.A.1; Dkt. 20 § IV; Dkt. 49 § III.B. IV claims that a stay "would delay enforcement of its patents and risk spoliation," Sur-Reply at 5, but cites no basis for this claim—nor can it, as the manufacturer cases are ***ahead of this action***. IV's "status as a 'non-practicing entity,'" further favors a stay here. *Polaris Powerled Techs., LLC v. Dell Techs.*, 2023 WL 5282381, at \*4 (W.D. Tex. Aug. 15, 2023)).

A stay would greatly simplify the issues in this case. Dkt. 17 § III.A.2; Dkt. 20 § IV; Dkt. 49 § III.B. It would resolve "'major issues' concerning the claims against the customer," *Slick Slide*, 2024 WL 733641, at \*2 (quoting *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011)), and also "obviate the need for non-party discovery" from the two manufacturers, because, "once the Delaware action is resolved, there presumably will be nothing left for this Court to adjudicate as to whether" the accused Viasat and Anuvu systems infringe. *CyWee Grp. Ltd. v. Huawei Device Co.*, 2018 WL 4002776, at \*3-4 (E.D. Tex. Aug. 22, 2018). Here, discovery has not begun and trial is not set, supporting a stay. *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, 2022 WL 1037114, at \*4 (W.D. Tex. Apr. 6, 2022).

## III.    CONCLUSION

For the foregoing reasons, the Court should sever and stay IV's claims regarding Viasat's and Anuvu's systems until final resolution of the manufacturer cases in the District of Delaware.

Date: February 3, 2026                    Respectfully submitted,

                                          */s/ S. Wallace Dunwoody*
                                          Michael C. Wilson
                                          State Bar No. 21704590
                                          mwilson@munckwilson.com
                                          S. Wallace Dunwoody
                                          State Bar No. 24040838
                                          wdunwoody@munckwilson.com
                                          Lucas R. Dombroski
                                          Texas Bar No. 24142846
                                          ldombroski@munckwilson.com
                                          **Munck Wilson Mandala, LLP**
                                          2000 McKinney Avenue, Suite 1900
                                          Dallas, TX 75201
                                          (972) 628-3600
                                          (972) 628-3616 fax

                                          David G. Henry
                                          Texas Bar. No. 09479355
                                          dhenry@munckwilson.com
                                          **Munck Wilson Mandala, LLP**
                                          510 Austin Avenue, Suite 3100
                                          Waco, Texas 76701
                                          (254) 362-2300
                                          (254) 362-2304 fax

                                          Tri T. Truong
                                          Texas State Bar No. 24102969
                                          ttruong@munckwilson.com
                                          **Munck Wilson Mandala, LLP**
                                          807 Las Cimas Parkway, Suite 300
                                          Austin, Texas 78756
                                          737-201-1600
                                          737-201-1601 fax

                                          *Attorneys for Southwest Airlines Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 3, 2026, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody