# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, § § § Plaintiffs, § § v. § § SOUTHWEST AIRLINES CO., § § Defendant. § | Civil Action No. 3:25-cv-02885-L-BN <br><br> **JURY TRIAL DEMANDED** |

**SOUTHWEST'S BRIEF IN SUPPORT OF MOTION TO SEVER AND STAY INTELLECTUAL VENTURES' CLAIMS REGARDING THE '000 PATENT SYSTEMS <u>BASED ON THE CUSTOMER-SUIT EXCEPTION</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 2

    A. AvioVision's Accused AvioCast Product ........................................................... 2

    B. AvioVision's Declaratory Judgment Action ....................................................... 3

    C. Southwest's Agreement to Be Bound .................................................................. 3

III. ARGUMENT .................................................................................................................. 3

    A. The Court Should Sever and Stay Claims Regarding the '000 Patent Under the Customer-Suit Exception to the First Filed Rule ................................................. 3

        1. Southwest is a Mere User of AvioVision's AvioCast Product .................... 5

        2. Southwest Agrees to Be Bound by the Delaware Court's Decisions .......... 6

        3. AvioVision Is the Sole Supplier of the Accused AvioCast Product ........... 6

    B. The Traditional Stay Factors Independently Support Granting Southwest's Motion ................................................................................................................... 7

        1. A Stay Will Not Prejudice or Otherwise Present a Tactical Disadvantage to Intellectual Ventures; It Will Instead Reduce Costs and Be More Efficient for All Parties Involved ................................................................................ 8

        2. A Stay Will Simplify This Action ............................................................... 9

        3. This Case Is Still in Its Infancy, and a Trial Date Has Not Been Set ........ 10

IV. CONCLUSION ............................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Cases**            **Page(s)**

*Albritton v. Acclarent, Inc.*,
   No. 3:16-CV-03340-M, 2018 WL 6929856 (N.D. Tex. Mar. 29, 2018) .................................... 7

*Anderson v. Red River Waterway Comm'n*,
   231 F.3d 211 (5th Cir. 2000) ...................................................................................................... 7

*AvioVision N.V. v. Intellectual Ventures II LLC*,
   No. 26-cv-134-GBW (Feb. 4, 2026) ..................................................................................... 1, 3

*CyWee Grp. Ltd. v. Huawei Device Co.*,
   No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) .............................. 4, 6

*Datatreasury Corp. v. Wells Fargo & Co.*,
   490 F. Supp. 2d 749 (E.D. Tex. 2006) ....................................................................................... 7

*Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, Inc.*,
   No. 21-1252, 2022 WL 2373705 (W.D. Tex. June 30, 2022) ................................................. 10

*DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*,
   No. 22-535, 2023 WL 4687930 (W.D. Tex. July 20, 2023) .................................................... 10

*Flygrip, Inc. v. Walmart Inc.*,
   No. 21-1082, 2022 WL 2373714 (W.D. Tex. June 29, 2022) ................................................... 7

*GreatGigz Sols., LLC v. Costco Wholesale Corp.*,
   No. 6-21-CV-00807, 2022 WL 1037114 (W.D. Tex. Apr. 6, 2022) ................................... 6, 10

*In re Google Inc.*,
   588 F. App'x 988 (Fed. Cir. 2014) ............................................................................................ 6

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ............................................................................................. 1, 3

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) ............................................................................................. 4, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................... 7

*Lexos Media IP LLC v. MSC Indus. Direct Co.*,
   No. 3:22-CV-1736-X, 2023 WL 11967299 (N.D. Tex. Sept. 6, 2023) ..................................... 7

*SITO Mobile R&D IP, LLC v. SFA Holdings Inc.*,
  No. 1:23-CV-688-RP, 2024 WL 3843804 (W.D. Tex. Apr. 19, 2024) ....................................... 6

*Slick Slide LLC v. NKDZ DFW, LLC*,
  No. 4:23-CV-00643-O, 2024 WL 733641 (N.D. Tex. Feb. 19, 2024) ........................... 3, 4, 6, 7

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
  No. 6:21-CV-001284-ADA, 2022 WL 545051 (W.D. Tex. Feb. 23, 2022) ............................... 7

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011) ......................................................................................... 5, 7

*Summit 6 LLC v. HTC Corp.*,
  No. 7:14-CV-00014-O, 2015 WL 12763627 (N.D. Tex. May 8, 2015) ..................................... 8

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006) ................................................................................................ 4

*Topia Tech., Inc. v. Dropbox, Inc.*,
  No. 21-1373, 2022 WL 18109619 (W.D. Tex. Dec. 29, 2022) .................................................. 9

*Unicorn Glob., Inc. v. Golabs, Inc.*,
  No. 3:19-CV-754-N-BT, 2020 WL 9076548 (N.D. Tex. Oct. 7, 2020) ................................. 4, 6

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) .......................................... 7

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-909-JRG, 2015 WL 123593 (E.D. Tex. Jan. 6, 2015) .......................................... 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................................ 8

*Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enter. Co.*,
  No. 4:18-CV-00468, 2019 WL 3818761 (E.D. Tex. Aug. 14, 2019) ......................................... 6

**I.     INTRODUCTION**

Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") assert eight patents against Southwest Airlines Co. in this action. One of the patents—U.S. Patent No. 11,032,000 (the "'000 patent")—is asserted only against an Aircraft Interface Device ("AID") called AvioCast, supplied exclusively by third-party AvioVision N.V. Southwest does not design, develop, manufacture, or modify AvioCast. Instead, Southwest purchases AvioCast from AvioVision, which supplies the complete AvioCast product, including all necessary hardware and software.

Intellectual Ventures' Amended Complaint confirms that the accused functionality does not involve any Southwest-developed technology. The Complaint and claim charts do not rely on any Southwest documents, but instead rely on AvioVision's documentation, identifying and highlighting AvioCast—and only AvioCast—as the basis for the infringement claims for the '000 patent. Thus, the real defendant for these claims is AvioVision, the supplier of AvioCast—not Southwest. Recognizing this, AvioVision has filed a declaratory judgment action for non-infringement and invalidity of the '000 patent in the District of Delaware, where Intellectual Ventures is incorporated. *See AvioVision N.V. v. Intellectual Ventures II LLC*, No. 26-cv-134-GBW (Feb. 4, 2026) (the "Delaware Action").[1] For reference, the complaint from the Delaware Action is attached as Exhibit A-1 (Appx. 6–26).

The Federal Circuit has made clear that a supplier suit like the Delaware Action should take precedence over a suit against a downstream customer like Southwest who merely uses the accused product—here, AvioCast. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). Given the pending Delaware Action, proceeding against Southwest in parallel would be inefficient

---

[1] Intellectual Ventures II LLC purports to be the assignee of the '000 patent and the Delaware Action names this entity as a defendant.

1

and duplicative. A stay as to the '000 patent will streamline discovery, conserve judicial resources, and ensure that the infringement issues are resolved in the case involving the party that supplies and controls the accused AvioCast product.

For these reasons, Southwest requests that the Court sever and stay Intellectual Ventures' claims of infringement of the '000 patent pending resolution of the Delaware Action.

## II. BACKGROUND

### A. AvioVision's Accused AvioCast Product

Intellectual Ventures filed an Amended Complaint on December 22, 2025, accusing Southwest of infringing the '000 patent based on Southwest's use of the AvioVision-provided Aircraft Interface Device ("AID") called AvioCast. *See* Dkt. 97-14 (Exhibit 14 to Amended Complaint) at 3-5. Intellectual Ventures does not allege that Southwest modifies or adapts AvioVision's AvioCast. Instead, the Amended Complaint asserts infringement based on AvioVision documentation and publicly available materials describing AvioCast. *Id.* The Amended Complaint then alleges that AvioCast infringes the '000 patent by comparing the '000 patent's claims to the LTE standard. *Id.* at 5-46.

AvioVision is a provider of aviation software and AvioBook, a digital aviation platform that supports flight crews, dispatchers, cabin crew, and ground operations for safe and efficient airline operations. AvioCast is an aviation data and connectivity device for recording and offloading flight data wirelessly. AvioCast acts as an Aircraft Interface Device ("AID") that interfaces between aircraft systems and an Electronic Flight Bag ("EFB"). AvioVision supplies AvioCast to Southwest. *See* Declaration of Christopher Muhich (hereinafter, "Muhich Decl.") at ¶¶ 2-3 (Exhibit B, Appx. 32–34). Intellectual Ventures' entire infringement theory for the '000 patent is that AvioCast infringes because it uses a 4G modem that allegedly employs the LTE standard, which allegedly matches the claims of the '000 patent. *See* Dkt. 97-14 at 4 (highlighting that

AvioCast uses a "4G modem on the ground") and at 5-47 (citing to LTE standards documents to allege infringement).

### B. AvioVision's Declaratory Judgment Action

On February 4, 2026, AvioVision filed a complaint for declaratory judgment in the District of Delaware, seeking a declaration that its AvioCast product does not infringe the '000 patent and that the '000 patent is invalid. *AvioVision N.V. v. Intellectual Ventures II*, No. 26-cv-134-GBW (D. Del. Feb. 4, 2026). As set forth in the Delaware Action, Intellectual Ventures' litigation campaign directly accuses AvioVision's product of patent infringement, impacting its business and relationships with its customers, and creating a controversy between AvioVision and Intellectual Ventures.

### C. Southwest's Agreement to Be Bound

Southwest agrees to be bound by any infringement and validity findings in the Delaware Action on AvioVision's declaratory judgment claims against Intellectual Ventures.

### III. ARGUMENT

#### A. The Court Should Sever and Stay Claims Regarding the '000 Patent Under the Customer-Suit Exception to the First Filed Rule

When a patent owner sues a customer for using a product that is accused of infringement, and the product's supplier then files its own suit seeking a declaration of noninfringement or invalidity of that patent, the supplier's suit "generally take[s] precedence" under the customer-suit exception to the first-filed rule. *In re Nintendo*, 756 F.3d at 1365. The customer-suit exception allows the Court "to stay earlier-filed litigation against a customer" while the later-filed supplier suit proceeds. *Slick Slide LLC v. NKDZ DFW, LLC*, No. 4:23-CV-00643-O, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024).

The principles that guide the customer-suit exception are "efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). To this end, "the customer-suit exception involves a three-factor test: '(1) whether the customer-defendant in the later-filed case is merely a [reseller/user]; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the [manufacturer/supplier] is the only source of the infringing product.'" *Unicorn Glob., Inc. v. Golabs, Inc.*, No. 3:19-CV-754-N-BT, 2020 WL 9076548, at *2 (N.D. Tex. Oct. 7, 2020) (quoting *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018); *see also Slick Slide*, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024); *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *2 (W.D. Tex. Apr. 6, 2022) ("The Court holds that the customer suit exception applies because: (1) Defendants have provided evidence that they are mere end-users of the accused products; (2) Defendants have agreed to be bound by the outcomes of the Supplier Suit; and (3) the Supplier (Instacart) is the only source of the accused products.").

As the *Slick Slide* court explained, the three-factor test is not applied mechanically, but instead, "courts adopt 'a flexible approach in order to assess whether judicial resources will be saved.'" *Slick* Slide, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909-JRG, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). "At the heart of this flexible inquiry is 'whether the issues and parties are such that the disposition of one case would be dispositive of the other.'" *Slick Slide*, 2024 WL 733641, at *2 (N.D. Tex. Feb. 19, 2024) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). The later-filed case "need only have the potential to resolve the 'major issues' concerning

the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011).

### 1. Southwest is a Mere User of AvioVision's AvioCast Product

Intellectual Ventures' claim chart for the '000 patent only accuses AvioVision's AvioCast and no other product, and it alleges that infringement of the '000 patent occurs wholly within AvioCast. For each limitation of the asserted claims of the '000 patent, Intellectual Ventures cites only AvioVision's publicly available documentation and third-party articles related to AvioCast, or LTE standards-related documentation, but no Southwest documents. *See* Dkt. 97-14[2]. Indeed, AvioVision provides all of the hardware, software, and connectivity services for AvioCast to Southwest; and Southwest has no design control over the components, configurations, and functions of the accused AvioCast product. Muhich Decl. at ¶¶ 2-3 (Appx. 33–34). Southwest does not modify the hardware or software provided by AvioVision. *Id.* Southwest relies fully on AvioVision for ongoing system service, support, software updates, and resolving technical issues concerning AvioCast. *Id.* at ¶ 5 (Appx. 34). Any inquiry regarding the functionality of AvioCast should be directed to representatives of AvioVision, not Southwest. *Id.* at ¶ 2 (Appx. 33).

"Courts in the Fifth Circuit have consistently found that the first customer-suit exception factor weighs in favor of a stay where a customer-defendant is accused of merely using, operating, or promoting an accused product that had been developed and supplied by a third-party." *Slick Slide,* 2024 WL 733641, at *3 (collecting cases). Moreover, Courts in this Circuit have routinely

---

[2] Specifically, the claim chart only cites to documents that describe AvioCast, including an AvioVision press release (*see* Dkt. 97-14 at 3), a webpage from the AvioBook website (*see* Dkt. 97-14 at 4) and documents from the website devicechronicle.com that describe AvioCast (*see* Dkt. 97-14 at 5). The remainder of the documents cited in the '000 patent claim chart are LTE standards documents (*see* Dkt. 97-14 at 5-47) because Intellectual Ventures' infringement theory is that AvioCast infringes because it allegedly complies with the LTE standard. (*See* Dkt. 97-14 at 4 (highlighting that AvioCast uses an international 4G modem on the ground).)

5

held this factor favors staying the customer suit where, as here, the patent owner alleges a defendant "is an end user of [the accused] product in furtherance of its own business." *SITO Mobile R&D IP, LLC v. SFA Holdings Inc.*, No. 1:23-CV-688-RP, 2024 WL 3843804, at *3 (W.D. Tex. Apr. 19, 2024); *see also GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022) ("[B]ecause [the] Complaint is predicated entirely on Defendants' use of the supplier's product, the Court finds that this factor favors the stay."); *see also In re Google Inc.,* 588 F. App'x 988, 990 (Fed. Cir. 2014) (finding the exception applies where the contentions "rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google"). Accordingly, because Southwest is merely an end user of a fully third-party system, the first customer-suit factor decisively weighs in favor of a stay.

### 2. Southwest Agrees to Be Bound by the Delaware Court's Decisions

Because Southwest agrees to be bound by the Delaware court's determination of infringement by any AvioVision products and whether the '000 patent is valid, there is nothing further for this Court to adjudicate. Such an agreement "weighs heavily in favor of staying the current suit." *Slick Slide*, 2024 WL 733641, at *4 (quoting *Wapp Tech. Ltd. P'ship v. Hewlett-Packard Enter. Co.*, No. 4:18-CV-00468, 2019 WL 3818761, at *4 (E.D. Tex. Aug. 14, 2019) (citing *CyWee Grp. Ltd.*, 2018 WL 4002776, at *5)); *see also Unicorn Glob.*, 2020 WL 9076548, at *2 (holding that this factor favors a stay where the customer-reseller "has agreed to be bound by the Court's decisions regarding the issues of infringement, invalidity, and enforceability" with respect to the supplier). Thus, because Southwest has committed to abide by the Delaware court's determinations, this factor plainly weighs in favor of a stay.

### 3. AvioVision Is the Sole Supplier of the Accused AvioCast Product

As to the '000 patent, Intellectual Ventures accuses only the AvioCast product, which is supplied solely by AvioVision. *See, e.g.*, Dkt. 97-14 at 3-5. Severing and staying Intellectual

6

Ventures' claims as to the '000 patent will resolve all issues concerning that patent in full. At the very least, the resolution of these "major issues"—even if "not every issue"—favors a stay. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-001284-ADA, 2022 WL 545051, at *3 (W.D. Tex. Feb. 23, 2022) (quoting *Spread Spectrum*, 657 F.3d at 1358); *see also Flygrip, Inc. v. Walmart Inc.*, No. 21-1082, 2022 WL 2373714, at *2 (W.D. Tex. June 29, 2022). Although there are other asserted patents that will remain to be tried in this Court, it can nevertheless "address concerns under this factor" by severing and staying only those claims that can be fully resolved in the supplier suit. *Sonrai Memory*, 2022 WL 545051, at *5. The Court should do so here by severing and staying Intellectual Ventures' claims asserting the '000 patent.

### B. The Traditional Stay Factors Independently Support Granting Southwest's Motion

This Court has broad discretion to stay proceedings to "promote judicial economy." *Slick Slide*, 2024 WL 733641, at *1 (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) and *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In deciding a motion to stay, courts in this District consider:

> (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Slick Slide*, 2024 WL 733641, at *1 (quoting *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)); *see also Lexos Media IP LLC v. MSC Indus. Direct Co.*, No. 3:22-CV-1736-X, 2023 WL 11967299, at *2 (N.D. Tex. Sept. 6, 2023) (citing *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020); *Albritton v. Acclarent, Inc.*, No. 3:16-CV-03340-M, 2018 WL 6929856, at *2 (N.D. Tex. Mar. 29, 2018); *Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-00014-O, 2015 WL 12763627, at *2

7

(N.D. Tex. May 8, 2015)); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).

### 1. A Stay Will Not Prejudice or Otherwise Present a Tactical Disadvantage to Intellectual Ventures; It Will Instead Reduce Costs and Be More Efficient for All Parties Involved

Intellectual Ventures will not suffer any undue prejudice if the Court grants a stay. Intellectual Ventures just filed its operative complaint two months ago, on December 22, 2025. *See* Dkt. 97. Although Intellectual Ventures originally filed this action in the Western District of Texas, it was only recently transferred to this District before fact discovery commenced. *See* Dkt. 80. The Court has not yet ruled on Southwest's motion to dismiss, and briefing on that motion was only completed on February 19, 2026. Thus, this action is still very much in its infancy.

In addition, Southwest's motion to sever and stay Intellectual Ventures' claims regarding products of two other suppliers, Viasat and Anuvu, remains pending before the Court, with supplemental briefing just completed on February 3, 2026. Dkt. 105, 106, 109. Given the timing of the instant motion, the Court can consider it in parallel with the similar issues raised in the pending motion involving Viasat and Anuvu products.[3] Moreover, the Complaint seeks exclusively monetary damages, which Intellectual Ventures can obtain, if justified, in the Delaware Action. Dkt. 97 at 49-50. And Intellectual Ventures cannot complain about forum shopping; it is

---

[3] Certain factors have contributed to the difference in timing between Southwest's filing of the instant motion compared to its February 12, 2025 motion to sever and stay the claims regarding Viasat and Anuvu products. Dkt. 17. While Intellectual Ventures asserted patents against Viasat and Anuvu products in its original complaint on November 2, 2024, it did not assert the '000 patent until it filed an amended complaint on July 10, 2025. Dkt. 56. Shortly thereafter, in October 2025, the case was transferred to this Court. And then, Intellectual Ventures filed an amended complaint in December 2025, which has largely re-set these proceedings (e.g., Southwest's motion to dismiss is pending). After Intellectual Ventures re-asserted the '000 patent in the amended complaint, AvioVision filed the Delaware Action several weeks later in early February 2026, which in turn necessitated the instant motion.

8

incorporated in Delaware and is a frequent litigant there, having litigated nearly 50 cases in the District of Delaware, most for patent infringement. *See* Exhibit A-2 (Appx. 28–31) (case list).[4]

A stay would benefit Intellectual Ventures, Southwest, AvioVision, and the Court by allowing Intellectual Ventures to press its claims that AvioCast infringes its patent in the District of Delaware, where the exclusive supplier AvioVision is party to the litigation, thus permitting Intellectual Ventures to compel necessary AvioVision witnesses to appear at trial, which it could not do in this action under Rule 45. Southwest does not design, develop, or modify the accused AvioCast product's hardware or software. Muhich Decl. at ¶¶ 2-3 (Appx. 33–34). In such actions, "the bulk of the relevant evidence comes from the supplier of the accused product, not the customer," and "a stay of the claims against the Customer Defendants is appropriate" to allow full access to that evidence from the supplier directly. *Topia Tech., Inc. v. Dropbox, Inc.*, No. 21-1373, 2022 WL 18109619, at *5 (W.D. Tex. Dec. 29, 2022). The first factor plainly weighs in favor of a stay.

### 2. A Stay Will Simplify This Action

Resolving the claims regarding AvioVision products in Delaware will simplify this case and streamline any trial. The Delaware Action will resolve the questions of infringement by the accused AvioCast product and validity for the '000 patent, especially because Southwest has agreed to be bound by the decision of the Delaware Court. *Katz* 909 F.2d at 1464 (holding that "resolution of the major issues" in the supplier action will likely "resolve these issues as to their customers"); *Topia Tech.*, 2022 WL 18109619, at *5 ("While some of Topia's claims against Sailpoint and Clear Channel may persist, the issues will be greatly simplified by first resolving the claims against Dropbox.").

---

[4] Intellectual Ventures II LLC is the purported owner of the '000 patent; Exhibit A-2 (Appx. 28–31) is a list of cases for which Intellectual Ventures II LLC, in particular, is a named party.

Moreover, a stay will simplify discovery in this action, as "discovery in [the Texas] suit[] will focus largely on [the supplier] because [the supplier] is the entity engaged in design, development, and sale of the accused products," and "[a] stay is therefore likely to streamline discovery in the Supplier Suit." *GreatGigz*, 2022 WL 1037114, at *4; *see* Muhich Decl. at ¶ 4 (Appx. 34). Southwest does not design or modify the accused AvioCast system and does not create, update, or otherwise maintain any relevant source code or technical documentation for AvioCast. Muhich Decl. at ¶¶ 2-4 (Appx. 33–34). Absent a stay, Intellectual Ventures would need to seek the bulk of evidence—if not all evidence—relating to the accused system through third-party subpoena. *See Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Texas, Inc.*, No. 21-1252, 2022 WL 2373705, at *4 (W.D. Tex. June 30, 2022); *DoDots Licensing Sols. LLC v. Samsung Elecs. Co.*, No. 22-535, 2023 WL 4687930, at *5 (W.D. Tex. July 20, 2023) ("The Court finds that this factor weighs in favor of a stay . . . While DoDots may need information from Best Buy regarding its sales of the accused products, Samsung likely possesses the relevant information."). For these reasons, the second traditional stay factor favors a stay.

### 3. This Case Is Still in Its Infancy, and a Trial Date Has Not Been Set

Intellectual Ventures filed its Amended Complaint just two months ago, after this case was transferred to this District prior to commencement of fact discovery. Southwest's motion to dismiss is still pending. This Court has held no proceedings and has not set a discovery schedule or trial date. When a trial date is "not yet set" and the parties have not yet "file[d] a scheduling order," a case is "still in its infancy," and this factor warrants a stay because it will "not uproot any minimal progress made" in the case. *GreatGigz Sols.*, 2022 WL 1037114, at *4; *see also DoDots*, 2023 WL 4687930, at *5.

## IV.  CONCLUSION

Southwest requests that the Court sever and stay Intellectual Ventures' claims regarding the '000 patent pending resolution of the Delaware Action.

Date: March 6, 2026

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
State Bar No. 24040838
wdunwoody@munckwilson.com
Lucas R. Dombroski
Texas Bar No. 24142846
ldombroski@munckwilson.com
**Munck Wilson Mandala, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(972) 628-3600
(972) 628-3616 fax

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Southwest Airlines Co.*

## CERTIFICATE OF CONFERENCE

11

I, the undersigned counsel, hereby certify that my co-counsel and I conferred with counsel for Plaintiffs via teleconference on February 24, 2026 and via email between February 25, 2026, and March 5, 2026, regarding the relief requested herein. Plaintiffs are opposed to the relief requested by this motion.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

## CERTIFICATE OF SERVICE

On March 6, 2026, this document was filed and served on all counsel of record using the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody