# **<u>Exhibit 2</u>**

**From:** John Downing <JDowning@kasowitz.com>
**Sent:** Thursday, March 5, 2026 10:54 PM
**To:** Luke Dombroski <ldombroski@munckwilson.com>; Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

Luke,

Following up again.  IV is unable to assess Southwest's position without further information.  Please provide Southwest's positions on the customer suit factors.  If Southwest will not provide them, IV will oppose Southwest's motion.

Regards,

John

**From:** John Downing
**Sent:** Wednesday, March 4, 2026 1:07 PM
**To:** 'Luke Dombroski' <ldombroski@munckwilson.com>; Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

Luke,

Thank you for your response.

During our meet and confer, counsel for Southwest indicated that they would check on the single-supplier issue. We are therefore somewhat surprised that Southwest is unwilling to confirm whether AvioVision is, or is not, the sole supplier of the accused functionality. That information is important to understanding the applicability of the customer-suit doctrine and to evaluating the issues raised in Southwest's motion.  It is one of the relevant factors needed to assess the issue.

We reject Southwest's suggestion that IV is conducting a fishing expedition. Indeed, understanding the suppliers and components associated with the accused functionality is directly relevant to the issues Southwest will raise in its motion and the Court will likely permit discovery on the issue in any event.

If Southwest is unwilling to confirm whether there are additional suppliers beyond AvioVision, it will make it difficult for IV to evaluate Southwest's position regarding the customer-suit doctrine

1

and any potential stay.  If Southwest will not confirm one way or the other, we will take that position back to our client. At present, however, the lack of clarity on this point does not advance the parties' ability to reach agreement regarding a stay.

Best,

John


**From:** Luke Dombroski <ldombroski@munckwilson.com>
**Sent:** Wednesday, March 4, 2026 11:38 AM
**To:** John Downing <JDowning@kasowitz.com>; Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

John,
Thank you for following up. I write in response to the requests you outlined following the call on February 24.
IV's attempt to conduct a fishing expedition to increase Southwest's litigation costs and avoid severance is inappropriate. IV has accused one product of infringing the '000 Patent, and Southwest's motion to sever and stay is based on the claims IV asserts and the product IV accuses in its infringement contentions. If IV's investigation has identified other accused instrumentalities, IV should provide updated contentions regarding those products. Southwest has no obligation to perform IV's infringement analysis for it.
The pending declaratory judgment action, *AvioVision N.V. v. Intellectual Ventures II LLC*, C.A. No. 26-cv-134-GBW (D. Del.), addresses the lone product IV accuses of infringement, which is why the customer-suit doctrine supports severance and a stay.
If IV is unopposed to the motion, please let us know. Otherwise, we will mark IV down as being opposed.
Best Regards,
**Luke Dombroski**
Litigation Associate



2000 McKinney Ave., Ste. 1900
Dallas, Texas 75201
d. +1 972.628.3635
m. +1 972.978.7835
e: Ldombroski@munckwilson.com

**Confidentiality Notice:**  This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  It is intended solely for

the use of the addressee(s) listed above.  If you are not the intended recipient of this message, please do not print, copy, or disclose this information.  If you received this e-mail in error, please disregard it, and delete it and any attachments from your system.  Please also notify us by return email or by telephone at 972.628.3600 so that we may correct our records.

**From:** John Downing <JDowning@kasowitz.com>
**Sent:** Wednesday, February 25, 2026 1:02 PM
**To:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

[External]


Wallace,

I write to follow up on our discussion yesterday.  We understand from our call that Southwest intends to file a motion to sever and stay based on the '000 patent and the recent DJ action filed AvioVision N.V. v. Intellectual Ventures II LLC, C.A. No. 26-cv-134-GBW (D. Del.).

IV requests additional information to meaningfully assess whether that doctrine has any application here.  Below is a list of threshold factual issues bearing on whether the AvioVision action would resolve the "major issues" presented in this case.

Per our discussion, please confirm the following:
1. AvioVision is the sole system used during the entire relevant damages period that is responsive to Plaintiff's infringement contentions;
2. No other systems (including predecessor, parallel, integrated, or third-party systems) were used to perform the accused functionality;
3. The accused functionality was implemented exclusively through AvioVision without additional configuration or integration unique to Southwest; and
4. Resolution of the AvioVision declaratory judgment action would necessarily resolve all infringement issues presented here.

We have discussed these in the prior briefing.  To that end, please confirm Southwest's position on the above points. If Southwest contends that AvioVision is the sole accused system for the entire relevant period and that no other systems are implicated, we are prepared to consider whether an appropriate stipulation can be reached to frame the issues accordingly.

We propose a meet and confer this week to discuss these issues and determine whether there is any basis for invoking the customer-suit doctrine.

Please provide your availability.

3

Best regards,
John


**From:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Sent:** Tuesday, February 24, 2026 3:19 PM
**To:** John Downing <JDowning@kasowitz.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

Now is fine. Do you want to send the link?

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP

2000 McKinney Avenue, Suite 1900, Dallas, TX 75201
Office: (972) 628-3636  Mobile: (214) 536-2297

**From:** John Downing <JDowning@kasowitz.com>
**Sent:** Tuesday, February 24, 2026 5:16 PM
**To:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** Re: Intellectual Ventures v. Southwest Airlines

[External]


Hi Wallace,

It is best to get a zoom time.  I moved offices recently.  I can speak now or tomorrow anytime except for 11-noon.


John
Sent from my iPhone

On Feb 24, 2026, at 11:29 AM, Wallace Dunwoody <wdunwoody@munckwilson.com> wrote:

Hi John –

4

I just called but missed you. Yes, I'm in the office this afternoon. Anytime between now and 4:00 CT is good.

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP

2000 McKinney Avenue, Suite 1900, Dallas, TX 75201
Office: (972) 628-3636  Mobile: (214) 536-2297

**From:** John Downing <JDowning@kasowitz.com>
**Sent:** Tuesday, February 24, 2026 10:47 AM
**To:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

[External]


Hi Wallace,

Are you free this afternoon?  I am open after 1 PM.

John

**From:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Sent:** Monday, February 23, 2026 10:51 AM
**To:** John Downing <JDowning@kasowitz.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

Hi John –

I just called but missed you. Please give me a call back if you get a chance today so we can discuss.

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP

2000 McKinney Avenue, Suite 1900, Dallas, TX 75201
Office: (972) 628-3636  Mobile: (214) 536-2297

**From:** Wallace Dunwoody
**Sent:** Thursday, February 19, 2026 9:34 PM
**To:** John Downing <JDowning@kasowitz.com>
**Cc:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com; SWA-IV <SWA-IV@munckwilson.com>
**Subject:** Re: Intellectual Ventures v. Southwest Airlines

11:30-3:00 on Monday. CT. Thank you.

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP

2000 McKinney Ave., Suite 1900
Dallas, TX 75201
Office: (972) 628-3636
Mobile: (214) 536-2297

On Feb 19, 2026, at 6:21 PM, John Downing <JDowning@kasowitz.com> wrote:

[External]


Wallace,

Apologies for the delayed response.  Are you free Monday or Tuesday next week?  If so, when.

Thank you in advance,

John


John Downing
Kasowitz LLP
101 California Street,
Suite 3950
San Francisco, California 94111
Tel.   (650) 453-5426
Fax.  (650) 362-9430
JDowning@kasowitz.com

6

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Sent:** Thursday, February 19, 2026 10:47 AM
**To:** Intellectual Ventures <IntellectualVentures@kasowitz.com>; William Ellerman <wellerman@cjsjlaw.com>; msiegmund@cjsjlaw.com
**Cc:** SWA-IV <SWA-IV@munckwilson.com>
**Subject:** RE: Intellectual Ventures v. Southwest Airlines

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

Counsel—

I'm following up on the request to meet and confer from last week.

Please let me know a time tomorrow when we can discuss. Thanks!

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP

2000 McKinney Avenue, Suite 1900, Dallas, TX 75201
Office: (972) 628-3636  Mobile: (214) 536-2297

**From:** Wallace Dunwoody <wdunwoody@munckwilson.com>
**Sent:** Friday, February 13, 2026 4:43 PM
**To:** Intellectual Ventures <intellectualventures@kasowitz.com>
**Cc:** SWA-IV <SWA-IV@munckwilson.com>
**Subject:** Intellectual Ventures v. Southwest Airlines

Counsel—

Southwest Airlines will be moving to sever and stay claims based on the '000 patent. Like with the Wi-Fi patents, I assume that IV will oppose. However, we need to satisfy our meet and confer requirements. To that end, will you please let me know a time early next week when you

are available for a meeting to discuss? Just let me know a time that works, and I'll circulate an invite. Thanks, and have a great weekend.

Best regards,

Wallace Dunwoody
Munck Wilson Mandala, LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
(972) 628-3636 - office
(214) 536-2297 - mobile
wdunwoody@munckwilson.com

Confidentiality Notice: This email and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. It is intended solely for the use of the addressees listed above. If you are not the intended recipient of this message, please do not print, copy, or disclose this information. If you received this email in error, please notify me at (972) 628-3636 and then delete this email and any attachments from your system.

8