**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:25-cv-02885-L-BN |
| v. | § § | Consolidated with 3:25-cv-03097-L |
| SOUTHWEST AIRLINES CO., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**JOINT STATUS REPORT AND PROPOSED SCHEDULING PLAN**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Plaintiffs") and Defendant Southwest Airlines Co. ("Defendant") (collectively, the "Parties") submit this Joint Status Report and Proposed Scheduling Plan.

**1.    Rule 26(f) Conference**

Counsel for the Parties conferred by telephone or videoconference on March 23, 2026. The Parties discussed the nature and basis of their claims and defenses, the possibility of settlement, a proposed discovery plan, electronically stored information, and other matters required by Rules 16 and 26.

**2.    Nature of the Case**

**a.  Plaintiffs' Statement.**

This is an action for patent infringement arising under the patent laws of the United States. Plaintiffs assert eight United States patents concerning computer networking, telecommunications,

1

and data processing against various accused products. Specifically, Plaintiffs assert the following United States patents against Defendant: United States Patent No. 8,332,844 ("the '844 Patent"), United States Patent No. 8,407,722 ("the '722 Patent"), United States Patent No. 8,027,326 ("the '326 Patent"), United States Patent No. 7,324,469 ("the '469 Patent"), United States Patent No. 7,257,582 ("the '582 Patent"), United States Patent No. 7,712,080 ("the '080 Patent"), United States Patent No. 7,721,282 ("the '282 Patent"), and United States Patent No. 11,032,000 ("the '000 Patent") (collectively, the "Patents-in-Suit").[1] Plaintiffs contend that Defendant infringes the Patents-in-Suit through its systems and services that utilize Docker, Kafka, Hadoop, and Spark, and systems that provide Wi-Fi Access Points, satellite-based onboard Wi-Fi, and LTE functionality – including Defendant's in-flight Wi-Fi systems and services, and aircraft telecommunications systems and services. Plaintiffs intend to seek all relief and recover all remedies available under the Patent Act for Defendant's alleged infringement, including monetary damages pursuant to 35 U.S.C. § 284 to compensate for said infringement in an amount no less than a reasonable royalty, plus interest and costs, prejudgment interest from the date of infringement to the date of judgment, an on-going royalty for future infringement, any supplemental damages as appropriate, and its attorneys' fees and costs. The amount of damages has not yet been determined and will be established through discovery and expert analysis.

b. **Defendant's Statement.**

Defendant contends that the Patents-in-Suit are invalid and not infringed, and that Plaintiffs are not entitled to any monetary relief. At this time, the parties expect the core disputed issues in the case to be infringement, invalidity, and entitlement to and amount of damages as to each of the

---

[1] On March 10, 2026, the Court granted Defendant's Motion to Sever and Stay the '469 and '326 Patents pending resolution of *Viasat* and *Anuvu* declaratory relief actions pending in the District of Delaware. Dkt. 124.

Patents-in-Suit. The Parties expect that expert witness testimony will be needed to evaluate issues of infringement, invalidity, and damages. The Parties expect the experts' areas of expertise will correspond with the areas relevant to the Patents-in-Suit.

**3.      Jurisdiction and Venue**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District. The case was originally filed in the Western District of Texas and then transferred to this Court under 28 U.S.C. § 1404(a).

**4.      Pending Motions**

Defendant has filed a motion to dismiss (Dkt. 99) and a motion to sever and stay (Dkt. 121). The motion to dismiss is fully briefed. Southwest's motion to sever and stay (Dkt. 121) seeks to sever and stay claims involving the '000 Patent based on a declaratory judgment action brought by Southwest's upstream vendor/supplier in the District of Delaware and is not yet fully briefed.

**5.      Discovery Plan**

The Parties estimate that approximately eleven months will be needed for fact discovery and an additional five months for expert discovery, for a total discovery period of approximately sixteen months. This estimate reflects the complexity of the case, which involves eight Patents-in-Suit concerning computer networking, telecommunications, and data processing, as well as multiple categories of accused products. The Parties anticipate that discovery will encompass interrogatories, requests for production, requests for admission, and depositions of both fact and expert witnesses, consistent with Federal Rule of Civil Procedure 26(b), as well as third-party discovery as necessary. Each Party anticipates conducting discovery regarding infringement, invalidity, and damages as to each of the Patents-in-Suit.

The Parties agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure, applying the patent rules from Miscellaneous Order No. 62. The Court has entered an Agreed Protective Order (Dkt. 116) and an Order Regarding E-Discovery (Dkt. 117), which together address the protection of confidential information, ESI production formats, metadata, email production procedures, cost allocation, and backup/mobile device issues. These orders also address the inadvertent production of privileged materials: Paragraph 13 of the Agreed Protective Order provides that inadvertent production shall not constitute a waiver of privilege and establishes a procedure for return of such materials, and Paragraph 9 of the E-Discovery Order provides, pursuant to Federal Rule of Evidence 502(d), that inadvertent production of privileged or work-product-protected documents or ESI does not constitute a waiver in this case or in any other proceeding. The Parties have not yet agreed on a protocol for the timing, format, and exchange of privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and will confer on this issue and, if necessary, present any dispute to the Court for resolution.

The Parties agree that discovery should proceed in phases consistent with the schedule set forth in the proposed Scheduling Order attached as Exhibit A. Under the proposed schedule, fact discovery will close on February 26, 2027, and expert discovery will close on July 23, 2027, allowing time for the *Markman*/claim construction process to be completed before fact discovery closes, followed by expert discovery, summary judgment/*Daubert* deadlines, and pretrial deadlines.

The Parties propose the following limits on discovery given the number of patents asserted and complexity of the case:

- Interrogatories: 30 per side

- Requests for Admission: 45 per side

- Requests for Production: 75 per side

- Fact Depositions: 70 hours per side

- Expert Depositions: 7 hours per report[2]

The Parties reserve the right to seek leave of Court to exceed these limits if warranted by the needs of the case.

At this stage, the Parties have not identified any facts that can be stipulated or removed from the scope of discovery. As discovery progresses and the issues narrow, particularly following claim construction, the Parties will continue to evaluate whether any facts or factual issues can be stipulated.

The Parties anticipate that a claim construction hearing will be required given the number of patents and the technical subject matter involved. The Parties do not request that the Court hear live testimony at the claim construction hearing. The Parties propose to present technical tutorials to the Court prior to the claim construction hearing by submitting tutorial materials to the Court in chambers at least 10 days before the claim construction hearing with a simultaneous delivery to the opposing party.

## 6.    ADR

The Parties agree that the case schedule should include a mediation deadline after claim construction and expert reports. The Parties propose that mediation be completed by August 6, 2027.

---

[2] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

**7.   Trial**

The Parties request a jury trial. A target trial date of February 2028 is proposed, subject to the Court's availability.

**8.   Magistrate Judge Consent**

The Court has already entered an order referring all pretrial matters to Judge Horan. However, the Parties do not consent to trial before a magistrate judge.

**9.   Related Cases**

Defendant identifies the following cases as related to the instant case:

- *AvioVision N.V. v. Intellectual Ventures II LLC*, No. 26-134 (D. Del.) (related to the '000 Patent);

- *Viasat, Inc. v. Intellectual Ventures I LLC*, No. 25-56 (D. Del.) (related to the '326 and '469 Patents); and

- *Anuvu Corp. v. Intellectual Ventures I LLC*, No. 25-124 (D. Del.) (related to the '326 and '469 Patents).

Dated: April 7, 2026                             Respectfully submitted,

By: */s/ S. Wallace Dunwoody*                    By: /s/ *Jonathan K. Waldrop*
   S. Wallace Dunwoody                             Jonathan K. Waldrop
   State Bar No. 24040838                          (CA Bar No. 297903)
   wdunwoody@munckwilson.com                       (Admitted in this District)
   Michael C. Wilson                               jwaldrop@kasowitz.com
   State Bar No. 21704590                          Marcus A. Barber
   mwilson@munckwilson.com                         (CA Bar No. 307361)
   Lucas R. Dombroski                              (Admitted in this District)
   Texas Bar No. 24142846                          mbarber@kasowitz.com
   ldombroski@munckwilson.com                      John W. Downing
   **Munck Wilson Mandala, LLP**                    (CA Bar No. 252850)
   2000 McKinney Avenue, Suite 1900                (Admitted in this District)
   Dallas, TX 75201                                jdowning@kasowitz.com
   (972) 628-3636; (972) 628-3600                  Heather S. Kim
   (972) 628-3616 fax                              (CA Bar No. 277686)
                                                   (Admitted in this District)
                                                   hkim@kasowitz.com

David G. Henry
Texas Bar. No. 09479355
dhenry@munckwilson.com
**Munck Wilson Mandala, LLP**
510 Austin Avenue, Suite 3100
Waco, Texas 76701
(254) 362-2300
(254) 362-2304 fax

Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**Munck Wilson Mandala, LLP**
807 Las Cimas Parkway, Suite 300
Austin, Texas 78756
737-201-1600
737-201-1601 fax

*Attorneys for Defendant*

ThucMinh Nguyen
(CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Jonathan H. Hicks
(CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Jeceaca An (NY Bar No. 5849898)
(Admitted in this District)
jan@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Paul G. Williams
(GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street, N.E.,
Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6102
Facsimile: (404) 393-9752

Mark D. Siegmund
(TX Bar No. 24117055)
msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
7901 Fish Pond Rd., 2nd Floor
Waco, Texas 76710
Telephone: 254-732-2242
Facsimile: 866-627-3509

7

William D. Ellerman
(TX Bar No. 24007151)
wellerman@CJSJLAW.com
**CHERRY JOHNSON SIEGMUND
JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: 254-732-2242
Facsimile: 866-627-3509

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record, on this 7th day of April, 2026, via the Court's CM/ECF system.

/s/ *William D. Ellerman*
William D. Ellerman

8