IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>V.<br><br>SOUTHWEST AIRLINES CO.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-cv-2885-L-BN |

## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE TO APPOINT SPECIAL MASTER

Having reviewed the filings in this case, the undersigned finds that the appointment of a technical advisor would be of great benefit to the parties and the Court in these proceedings. And, so, the undersigned enters this recommendation that the Court should appoint Daniel Denton as Special Master for this case pursuant to Federal Rule of Civil Procedure 53.

This recommendation sets out the suggested standards, duties, and terms of the appointment. The 14-day objection period, as set out below, provides the parties with notice and an opportunity to be heard, as required by Rule 53. *See* FED. R. CIV. P. 53(b)(1).

### Legal Standards

Rule 53 allows a court to appoint a master to "perform duties consented to by the parties," "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury," and "address pretrial and posttrial matters that cannot

be effectively and timely addressed by an available district judge or magistrate judge of the district." FED. R. CIV. P. 53(a)(1).

And, "[b]eyond the provisions of [Rule 53] for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n.240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983) (citations omitted).

Rule 53 requires an order appointing a special master to set out the duties and terms of the special master and the reasons for appointing them. *See* FED. R. CIV. P. 53(b). And it orders the master to "proceed with all reasonable diligence." *See id.*

## Discussion

### I.     Appointment

Any party is permitted to suggest a candidate for appointment. *See See* FED. R. CIV. P. 53(b)(1). But the undersigned recommends that the Court appoint Daniel Denton as Special Master for this case. Mr. Denton's rate is $350 per hour, which would be split equally between the parties. Mr. Denton's time sheets will be submitted for the Court's review and approval. He has already run a conflicts check, which found no conflicts of interest.

Mr. Denton's mailing address, email address, and phone number are:

Johnston IP Law, PLLC
6060 N. Central Expressway #500
Dallas, TX 75206

ddenton@johnstonip.com

(972) 997-5309

## II.   Master's Duties

The undersigned recommends that the Special Master shall, in this proceeding, have the authority to:

(1) assist the Court with preparation for the *Markman* hearing, including review of claim construction filings, legal and technical research, and analysis;

(2) assist the Court with motions, trial, and any other aspect of this case; and

(3) communicate with the attorneys as needs may arise in order to promote the full and efficient performance of these duties.

Consistent with these duties, the Special Master shall perform the duties of an adjunct law clerk and technical advisor. The Court will preside over any hearings and issue all orders regarding motions pending in the Court.

## III.   Communications with the Parties

Rule 53(b)(2)(B) requires the Court to set forth "the circumstances – if any – in which the master may communicate ex parte with the court or a party." FED. R. CIV. P. 53(b)(2)(B). The undersigned makes the following recommendations consistent with the Rule.

The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to assist the Court with legal analysis of the parties' submissions and inform the Court of legal and technical research. And the Special Master may communicate *ex parte* with the Court, without

providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters.

The Special Master may only communicate with the parties or attorneys if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue without prior approval of the Court.

## IV.    Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." FED. R. CIV. P. 53(b)(2)(C). The undersigned makes the following recommendations consistent with the Rule.

The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. But the Special Master need not preserve for the record any documents created by the Special Master, nor any documents received by the Special Master by counsel in this case. The Special Master is not required to, and should not submit, any formal report or recommendation regarding any matter for electronic filing on the case docket.

## V.    Review of the Master's Orders

Rule 53(b)(2)(D) requires the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." FED. R. CIV. P. 53(b)(2)(D).

But, here, because the undersigned recommends that the Special Master serve as an adjunct law clerk and technical advisor, the Special Master should not produce any orders, findings, or recommendations for the record.

## VI.  **Compensation**

Rule 53(b)(2)(E) requires the Court to state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." FED. R. CIV. P. 53(b)(2)(E). The undersigned makes the following recommendations consistent with the Rule.

The Special Master shall be compensated at his current rate of three hundred fifty dollars ($350) per hour. The parties shall bear this cost equally (50% by Plaintiffs and 50% by Defendant) and as directed in the terms of each order approving an Itemized Statement of fees and expense submitted by the Special Master. The Special Master shall incur only such fees and expenses as may by reasonably necessary to fulfill his duties under this Order, or such Orders as the Court may issue. The undersigned has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3).

And, on the first business day of every month, the Special Master shall submit directly to the Court an Itemized Statement of fees and expenses (as discussed in Section IV), not to include overhead, which the Court will inspect carefully for regularity and reasonableness. Given that one of the duties of the Special Master is to assist the Court with legal analysis of the parties' submissions, the undersigned expects these Itemized Statements will reveal confidential communications between

the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel.

Also on the first business day of every month, the Special Master shall file on the Court's electronic document filing system a Summary Statement certifying the total hours worked, total costs incurred, and total fees for the prior month. This Summary Statement shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. Each party shall then remit payment directly to the Special Master (at the aforementioned address) its share of any Court-approved amount within 14 calendar days of Court approval.

## VII.   Affidavit

Rule 53(b)(3) notes that the Court may enter an order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." FED. R. CIV. P. 53(b)(3); *see also* FED. R. CIV. P. 53(a)(2) (discussing grounds for disqualification).

Attached to this recommendation is the affidavit previously submitted to the Court by the Special Master.

## VIII.   Master's Authority

The Special Master shall have the full cooperation of the parties and their

counsel. But, regarding Rule 53(c), the undersigned recommends that the Special Master not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties should make readily available to the Special Maser any and all facilities, files, databases, and documents that are necessary to fulfill the Special Master's functions under any order adopting these recommendations.

### Recommendation

The Court should appoint Daniel Denton as Special Master in these proceedings under the terms set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judges' findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

INTELLECTUAL VENTURES I LLC and §
INTELLECTUAL VENTURES II LLC, §
§
§
Plaintiffs, §
§ CIVIL ACTION NO. 3:25-cv-02885-L-BN
v. §
§
SOUTHWEST AIRLINES CO., §
§
§
Defendant. §

**AFFIDAVIT OF DANIEL DENTON**
**TENDERED PURSUANT TO FED. R. CIV. P. 53**

DANIEL DENTON, being first duly sworn according to law, states the following:

1. "I am an attorney at law duly licensed to practice law in the State of Texas, State Bar Number 24075843. My bar admissions are as follows: State of Texas; United States District Court - Northern District of Texas; United States District Court - Eastern District of Texas; United States District Court - Southern District of Texas; and United States Patent and Trademark Office.

2. I have familiarized myself with the above captioned matter. I do not have any relationship to the parties, attorneys, action, or Court that would require disqualification of a Judge under 28 U.S.C. §455.

- 1 -

3. There are no non-disclosed grounds for disqualification under 28 U.S.C. §455 or Federal Rule of Civil Procedure 53 that would prevent me from serving as the Special Master in the above captioned matter."

DANIEL DENTON

Sworn to before me and subscribed in my presence June 22 , 2026.

State of Texas
County of Arensas

Notary Public

CATHERINE ANN CHAVEZ
Notary Public, State of Texas
Comm. Expires 09-25-2027
Notary ID 13038321

- 2 -