# **Exhibit 1**

# United States Court of Appeals for the Federal Circuit

---

**VDPP, LLC,**
*Plaintiff-Appellant*

**v.**

**VOLKSWAGEN GROUP OF AMERICA, INC.,**
*Defendant-Appellee*

---

2024-2226

---

Appeal from the United States District Court for the Southern District of Texas in No. 4:23-cv-02961, Judge Lee H. Rosenthal.

---

Decided: August 19, 2026

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant.

DANIEL C. TUCKER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for defendant-appellee. Also represented by ELLIOT COOK, JOSEPH MICHAEL SCHAFFNER, TAYLOR LAIN STARK.

---

Before MOORE, *Chief Judge*, LOURIE and CUNNINGHAM, *Circuit Judges*.

MOORE, *Chief Judge*.

VDPP, LLC (VDPP) appeals orders of the United States District Court for the Southern District of Texas (1) dismissing VDPP's complaint without granting leave to amend, (2) awarding attorney fees to Volkswagen under 35 U.S.C. § 285, and (3) sanctioning VDPP's counsel, William Peterson Ramey, III. For the following reasons, we affirm-in-part and dismiss-in-part.

BACKGROUND

In 2023, VDPP, represented by Mr. Ramey, sued Volkswagen Group of America, Inc. (Volkswagen) for alleged infringement of U.S. Patent No. 9,426,452, which relates to electrically controlled spectacles. J.A. 85–89. Volkswagen moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for improper venue under Rule 12(b)(3). J.A. 136–53. VDPP responded to the motion, including a request for leave to amend its complaint and a proposed amended complaint. J.A. 174–84; J.A. 186–90. The district court dismissed the case with prejudice on the 12(b)(6) ground and denied VDPP's motion for leave to amend because it concluded the proposed amended complaint was futile.[1] J.A. 13–24. The court then (1) denied VDPP's subsequent motion to amend the judgment under Rule 59(e); (2) awarded Volkswagen $207,543.60 in attorney fees under 35 U.S.C. § 285; and (3) sanctioned Mr. Ramey under 28 U.S.C. § 1927 and the court's inherent power, holding VDPP and Mr. Ramey jointly and severally liable for the awarded attorney fees. J.A. 5–11; J.A. 1–4. VDPP appeals, and the parties dispute whether Mr. Ramey timely appealed on his own behalf. *See* VDPP Br. 1–2; Volkswagen Br. 1. While we generally

[1] The court did not dismiss for improper venue under Rule 12(b)(3) because it concluded the proposed amended complaint was futile on other grounds. J.A. 17–18.

have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1), we consider below whether Mr. Ramey's purported failure to appeal deprives this Court of jurisdiction to review the issue of his sanctions. *See infra* Discussion § III.

## Discussion

On appeal, VDPP argues the district court abused its discretion in (1) denying VDPP leave to amend its complaint before dismissal and (2) awarding attorney fees to Volkswagen under 35 U.S.C. § 285. Mr. Ramey separately argues that we have jurisdiction to review the court's decision to sanction him, and the court abused its discretion in doing so. We address each issue in turn.

### I. Dismissal Without Leave to Amend

VDPP first argues the district court abused its discretion by dismissing VDPP's complaint without giving VDPP an opportunity to amend. We do not agree.

We review a district court's Rule 12(b)(6) dismissal under the law of the regional circuit—here the Fifth Circuit—which reviews such dismissals de novo. *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1220 (Fed. Cir. 2025) (applying Fifth Circuit law). We also apply regional circuit law to review district court decisions on motions for leave to amend. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1357 (Fed. Cir. 2021). The Fifth Circuit reviews denials of leave to amend for abuse of discretion. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022). When denial is based on the futility of amendment, the Fifth Circuit "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)). "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend." *Id.*

As an initial matter, VDPP implicitly *agreed* not to amend its complaint in exchange for Volkswagen's consent to an extension of time for VDPP to respond to Volkswagen's motion to dismiss. J.A. 1664. After securing the extension, VDPP presented its proposed amended complaint to the district court anyway with no justification. J.A. 183; J.A. 186–90. This alone would have provided a basis for the court's denial of leave to amend.

Setting this aside, the court also correctly rejected VDPP's proposed amended complaint as futile because it too was subject to dismissal. *See Ariyan*, 29 F.4th at 229. Because VDPP sought pre-suit damages, VDPP had a burden to plead compliance with the notice provision of 35 U.S.C. § 287(a), including compliance by VDPP's licensees. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 863–64 (Fed. Cir. 2020). This provision states in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented . . . by fixing thereon the word "patent" . . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

VDPP's proposed amended complaint failed to meet its burden of showing compliance with 35 U.S.C. § 287, saying nothing more than the following:

> Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

J.A. 186. While VDPP is correct that "a patentee who never makes or sells a patented article may recover [presuit] damages even absent notice to an alleged infringer," VDPP ignores that the law requires that "[a] patentee's licensees must also comply with § 287." *Arctic Cat*, 950 F.3d at 864.

Here, VDPP entered into eleven settlement agreements licensing the '452 patent to various parties. J.A. 1030–178. Yet the proposed amended complaint does not allege facts showing compliance with 35 U.S.C. § 287 by *any* of VDPP's licensees. This silence is particularly conspicuous given VDPP was on notice of Volkswagen's argument that VDPP could not show compliance in view of its prior settlement agreements. J.A. 155–57; J.A. 146–50. And to the extent VDPP argues the proposed amended complaint should not be dismissed simply because it states "Plaintiff has pled all statutory requirements to obtain presuit damages" and "all conditions precedent to recovery are met," J.A. 186, these statements are bare legal conclusions we need not—and do not—accept as true in view of the proposed amended complaint's lack of any supporting factual allegations, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (second alteration in original)).

Contrary to VDPP's contention, there is nothing special about its licenses that excuses VDPP from alleging it made "reasonable efforts to ensure [its licensees'] compliance with [35 U.S.C. § 287]." *Arctic Cat*, 950 F.3d at 864. For example, VDPP argues its licenses did not trigger § 287's

marking provision because (1) VDPP's licenses were entered into to settle litigation, and (2) none of VDPP's licensees admitted infringement. VDPP Br. 30–31. Our precedent, however, suggests there is no difference between a license entered into under a settlement agreement and any other patent license agreement. *See TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) ("[A] patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee."); *see also id.* at 1276 ("[W]hether an agreement is framed in terms of a 'covenant not to sue' or a 'license'" is a difference "only . . . of form, not substance. . . ."). Nor does the subjective view of the accused infringer matter. *See Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) ("It is irrelevant under § 287 whether the defendant knew . . . of his own infringement" because "[t]he correct approach to determining notice under § 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)) (cleaned up)).

Here, all eleven settlement agreements were fashioned as standard licensing agreements to make, use, and sell licensed products, J.A. 1030–178, with one agreement going as far as specifying VDPP's licensee has *no* obligation to mark, J.A. 1070. Moreover, VDPP continues to maintain that all the licensed products covered under its prior settlement agreements infringe. VDPP Br. 25. Under the facts of this case, we see no way for VDPP to amend its complaint to plausibly allege it made reasonable efforts to ensure its licensees complied with 35 U.S.C. § 287.

We have previously said 35 U.S.C. § 287 exists to "(1) help[] . . . avoid innocent infringement; (2) encourag[e] patentees to give public notice that the article is patented; and (3) aid[] the public [in] identify[ing] whether an article is patented." *Arctic Cat*, 950 F.3d at 865. If we were to accept VDPP's position that it need not ensure its licensees

mark their products, all three of these purposes would be frustrated. Unmarked products that VDPP believes to infringe would enter the marketplace, giving a false impression that such articles are not patented. This, in turn, could encourage others to innocently produce similar products while exposing them to hidden litigation risk. Accordingly, we do not agree with VDPP that policy considerations weigh in its favor. *See* VDPP Br. 48–50. While we do not foreclose the possibility that a licensor can ever establish it made reasonable efforts to ensure licensee compliance with 35 U.S.C. § 287 in the absence of a marking obligation, that is certainly not the case here.

For the foregoing reasons, we conclude the district court did not abuse its discretion in dismissing VDPP's complaint without granting leave to amend.

## II. Attorney Fees

VDPP next contests the district court's award of attorney fees to Volkswagen under 35 U.S.C. § 285. Section 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. We review a district court's decision to award attorney fees under this provision for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014).

The district court did not abuse its discretion in determining this was an exceptional case. Specifically, the court reasonably determined that "[m]any of the positions VDPP took were frivolous and objectively unreasonable," including seeking future damages and an injunction on an expired patent, seeking past damages despite an inability to allege patent marking, failing to disclose relevant settlement agreements, and prolonging litigation with false statements about the settlement agreements. J.A. 8–9. The court also noted that "VDPP made sloppy errors, over and over" ranging from obviously incorrect venue allegations to initial disclosures about an unrelated patent,

which made the case "even more cumbersome and difficult to handle." J.A. 9. Moreover, the court found a "need for meaningful deterrence" based in part on VDPP's pattern of repeat litigation over the '452 patent involving "settlement demands far less than the costs of defense and unrelated to any damages theory." J.A. 9–10. The court further rejected VDPP's argument that the fee award should be limited to the exceptional portion of the case because "VDPP's misconduct infected the entire litigation." J.A. 1–4; *see also* J.A. 5–7 (listing a litany of VDPP errors and misconduct). We agree with the district court that this was ample justification for awarding attorney fees under 35 U.S.C. § 285.

VDPP raises several objections to the district court's order, but none gives reason to disturb the fee award. For example, VDPP argues its failure to disclose relevant settlement agreements was simply the result of a misunderstanding. VDPP Br. 31–36. According to VDPP, this misunderstanding was the result of VDPP's good faith reliance on a representation made to Mr. Ramey by VDPP's president, Dr. Karpf—an elderly man with a diagnosed memory disorder. *Id.* at 32. Even if this were true, VDPP was clearly unjustified in relying on Dr. Karpfs representation that no settlement agreements existed when Volkswagen previously *told* VDPP about those licenses on several occasions. J.A. 156 (Sept. 29, 2023 letter); J.A. 147–50 (Oct. 13, 2023 mot. to dismiss); J.A. 254–59 (Nov. 21, 2023 reply in support of mot. to dismiss); J.A. 1022 (Nov. 24, 2023 email). The court also did not abuse its discretion in taking issue with Dr. Karpf's failure to address those misrepresentations in his later-filed declaration, which could have been done without disclosing private medical information. J.A. 6 (citing J.A. 1508–09).

We also do not agree with VDPP's argument that the district court could not award attorney fees under 35 U.S.C. § 285 simply because the same conduct would not be sanctionable under Federal Rule of Civil Procedure 11. VDPP Br. 50–53. "[S]anctionable conduct is not the

appropriate benchmark" for exceptionality, and "a district court may award fees" when "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 554. Accordingly, the court did not abuse its discretion in considering conduct that may or may not be sanctionable under *other* rules or statutes in making its exceptionality finding under 35 U.S.C. § 285.

VDPP is additionally incorrect to criticize the district court for considering, in its totality-of-the-circumstances analysis, VDPP's pattern of filing many patent infringement lawsuits and making low-value settlement offers. VDPP Br. 42–47. To be sure, "filing a large number of suits does not, by itself, justify an inference of . . . an improper motive," *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1363 (Fed. Cir. 2019), and "[t]he mere existence of these other suits does not mandate negative inferences about the merits or purpose of this suit," *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1351 (Fed. Cir. 2015). But we have also recognized that "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, *is* relevant to a district court's exceptional case determination under [35 U.S.C.] § 285," and "a district court *should* consider a patentee's pattern of litigation where adequate evidence of an abusive pattern is presented." *SFA*, 793 F.3d at 1350, 1352 (emphases added). We see no abuse of discretion in the district court's consideration of VDPP's litigation

pattern here, especially given the abundance of other evidence demonstrating VDPP's unreasonable litigation conduct. *See AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1362 (Fed. Cir. 2017) (explaining plaintiff's "frivolous infringement argument and unreasonable manner of litigation" weighed in favor of considering the nuisance value of plaintiffs' settlement demands).

For the foregoing reasons, we decline to disturb the district court's award of attorney fees to Volkswagen.

III. Mr. Ramey's Sanctions

We next turn to Mr. Ramey's sanctions. Because we conclude (1) Mr. Ramey did not timely appeal on his own behalf and (2) VDPP lacks standing to contest the sanctions for him, we dismiss this portion of the appeal for lack of jurisdiction and do not reach whether the district court abused its discretion in sanctioning Mr. Ramey.

A proper notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." FED. R. APP. P. 3(c)(1)(A). Although this rule is to be liberally construed, it is a jurisdictional requirement that cannot be waived. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988). We review whether a notice of appeal complies with this requirement under Federal Circuit law. *See Minn. Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1308–09 (Fed. Cir. 2002).

Mr. Ramey filed notices of appeal on August 7, 2024 and August 13, 2024. J.A. 1658; J.A. 1660. Both notices list only "Plaintiff VDPP, LLC" as an appellant and thus fail to specify Mr. Ramey as a party taking the appeal. J.A. 1658; J.A. 1660. Mr. Ramey argues these notices adequately specify him as an appellant because they complied with Federal Rule of Appellate Procedure 3's requirement that his name appear in the "body of the notice." FED. R. APP. P. 3(c)(1)(A). But Mr. Ramey's misspelled name only

appears once within a list of orders from which *VDPP* appeals. J.A. 1658; J.A. 1660. The notices, therefore, give no indication that Mr. Ramey intended to be an appellant; rather, Mr. Ramey's name serves only to identify a specific order that his client VDPP was appealing. Because this order held both VDPP *and* Mr. Ramey jointly and severally liable for Volkswagen's attorney fees, J.A. 5–11, it was not clear that Mr. Ramey was also appealing the order on his own behalf rather than merely representing his client. We conclude that this lack of clarity prevents Mr. Ramey from satisfying Rule 3's jurisdictional requirement that a notice of appeal "specify the party or parties taking the appeal." FED. R. APP. P. 3(c)(1)(A). Mr. Ramey therefore failed to appeal the sanctions order on his own behalf.[2]

Our analysis is consistent with the view of multiple sister circuits, and Mr. Ramey fails to persuade us that a different approach is warranted. *See Batiste v. Lewis*, 976 F.3d 493, 509 (5th Cir. 2020); *Maerki v. Wilson*, 128 F.3d 1005, 1007–08 (6th Cir. 1997); *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 399–400 (2d Cir. 1997); *CTC Imps. & Exps. v. Nigerian Petroleum Corp.*, 951 F.2d 573, 575–76 (3d Cir. 1991). Confronted with these sources of persuasive authority, Mr. Ramey relies primarily on *Garcia v. Wash*, 20 F.3d 608 (5th Cir. 1994), in which the Fifth Circuit concluded an attorney's intent to appeal was clear from the notice of appeal because the judgment at issue ordered sanctions solely against the attorney. *Id.* at 610.

---

[2] Mr. Ramey also filed "corrected" notices of appeal naming himself as an appellant on November 18, 2024—more than 90 days after the appealed orders issued. J.A. 1836–37; J.A. 1838–39. These notices do not change the analysis because they were undisputedly filed late under Federal Rule of Appellate Procedure 4. *See* FED. R. APP. P. 4(a)(1)(A) and 4(a)(5)(A).

*Garcia*, however, was expressly cabined by the Fifth Circuit in *Batiste*, which held "the same is not true for a judgment [like the one at issue here] that orders both an attorney *and* his client to pay fees." *Batiste*, 976 F.3d at 509 (emphasis added). Mr. Ramey does not even attempt to address this fatal flaw in his argument despite being given multiple opportunities to do so. *See* Dkt. No. 29 (failing to address Volkswagen's argument regarding *Batiste*); VDPP Reply Br. 1–2 (relying on *Garcia* without discussing *Batiste*); Oral Arg. at 30:00–31:07 (same). Mr. Ramey's decision to double down on clearly inapplicable case law not only demonstrates the weakness of his position but presents yet another example of the unreasonable manner in which Mr. Ramey has litigated this case both before this Court and below.

Finally, to the extent VDPP's reply brief argues that VDPP has its own standing to appeal Mr. Ramey's sanctions, we do not agree. VDPP Reply Br. 28–29. VDPP has suffered no injury from Mr. Ramey's sanctions and, in fact, *benefited* from his sanctions because they make him jointly and severally liable for Volkswagen's attorney fees. Moreover, Mr. Ramey egregiously misrepresents *Thornton v. Gen. Motors Corp.*, 136 F.3d 450 (5th Cir. 1998) to argue that "[i]t has long been the law that where the rights of the lawyer and the client are inextricably intertwined, the client may have standing to appeal a sanction order against the lawyer." VDPP Reply Br. 28–29 (citing *Thornton*, 136 F.3d at 453–54). *Thornton* explains that it may be appropriate to exercise pendant appellate jurisdiction if "a final appealable order is 'inextricably intertwined' with an unappealable order." 136 F.3d at 453. It has nothing to do with the intertwined interests of two co-parties when one of the co-parties fails to appeal a readily appealable sanctions order. *See id.* Mr. Ramey identifies no other authority suggesting VDPP has standing to contest his personal sanctions. VDPP Reply Br. 28–29. Accordingly, we reject this argument.

Having concluded that Mr. Ramey failed to timely appeal the district court's sanctions order on his own behalf and that VDPP lacks standing to contest the sanctions for him, we dismiss this portion of the appeal for lack of jurisdiction.[3]

## CONCLUSION

We have considered VDPP's and Mr. Ramey's remaining arguments and find them unpersuasive. For the foregoing reasons, we (1) affirm the district court's dismissal of VDPP's complaint without leave to amend, (2) affirm the award of attorney fees to Volkswagen under 35 U.S.C. § 285, and (3) dismiss the portion of the appeal relating to Mr. Ramey's sanctions.

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

## COSTS

Costs to Volkswagen.

---

[3] For the same reasons, we also deny VDPP's motion to modify the case caption to include Mr. Ramey as an appellant. Dkt. No. 21.