IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-2885-L-BN** |
| | § | |
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On August 13, 2026, the detailed Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 159) was entered, recommending that the court grant in part and deny in part Defendant Southwest Airlines Co.'s ("Defendant" or "Southwest") Motion to Dismiss ("Motion") (Doc. 99) the claims of Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("Plaintiffs" or "Intellectual Ventures") on three grounds.

Specifically, the Report first recommends that the court deny the Motion with respect to Defendant's assertion that the counts of patent infringement should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because Intellectual Ventures has pleaded facts sufficient to establish the plausibility of infringement and the activities that Southwest is accused of engaging in that allegedly constitute patent infringement.

With respect to Southwest's argument regarding the validity of certain patent claims under 35 U.S.C. § 101, the Report next recommends that the court:

> (1) deny the Motion to dismiss Plaintiffs' claims based on Claim 1 of the '582 Patent because Southwest failed to meet its burden, at this stage, "to show that Claim 1 of the '582 Patent is invalid under 35 U.S.C. § 101," and Plaintiffs' pleadings "and the assertions of the specification support the conclusion that the claim is not directed toward an abstract idea," but is instead "a claimed improvement of the way a computing system functions"

such that Claim 1 passes Step 1 of *Alice Corporation Proprietary Limited v. CLS Bank International*, 573 U.S. 208 (2014) ("*Alice*");[1]

(2) deny the Motion to dismiss Plaintiffs' claims based on Claim 1 of the '282 Patent and Claim 7 of the '844 Patent because Southwest has failed to meet its burden, at this stage, of establishing "that Claim 1 of the '282 Patent and Claim 7 of the '844 Patent are invalid under 35 U.S.C. § 101," as "[t]hese claims are concrete implementations of ways to store and organize information and are improvements to the way computing systems function," and "[b]ased on the claims, specification, and pleadings, the claims do not appear to be directed toward an abstract idea" such that "the claims pass Step 1 of *Alice* and cover patent-eligible subject matter"; [2] and

(3) grant the Motion as to infringement of Claim 14 of the '722 Patent asserted under Count II of the Complaint because "Southwest has met its burden to show, by clear and convincing evidence, that Claim 14 is invalid as a matter of law," but decline to apply this Southwest Claim 14 argument to all other '722 Patent claims because "Southwest does not sufficiently request the Court to apply its argument pertaining to Claim 14 equally to all claims of the '722 Patent . . . so, the Court should dismiss only causes of action arising out of Claim 14 of the '722 Patent," leaving "[t]he other claims of the '722 Patent . . . remain[ing] as live patent claims, to the extent that they are asserted" in Intellectual Ventures' Complaint;[3] and

(4) deny the Motion and request to dismiss Plaintiffs' Claim 9 of the '080 Patent because Defendant has "not met its burden to show that Claim 9 of the '080 Patent is invalid under 35 U.S.C. § 101" since "[b]ased on the specification, the claim language, and the pleadings, Claim 9 passes at least Step 1 of *Alice* by claiming an invention that is non-routine and provides an improvement to the way a computer system functions" such that "Claim 9 is not invalid under *Alice*."[4]

---

[1] Doc. 159 at 22.

[2] *Id.* at 27.

[3] *Id.* at 32-33. Earlier in the Report, the magistrate judge explained in more detail why he limited his analysis to claims that were "specifically briefed" by Southwest:

> Southwest does not clearly assert that the Court should apply its analysis of the briefed claims to any or all of the other claims of the patents-in-suit. Intellectual Ventures appears to have a similar understanding of Southwest's requested relief because Intellectual Ventures did not address, in its briefing, how any additional elements of dependent claims make a claim valid under Section 101. And, so, the undersigned limits its analysis of validity under Section 101 to the specifically briefed claims, and it will not apply its analysis generally to any other claims of the patents-in-suit.

*Id.* at 16.

[4] *Id.* at 37.

Finally, the Report recommends that court grant the Motion with respect to "all assertions of [Plaintiffs'] right to recover[] . . . pre-suit damages for . . . infringement based on *non-method* patent claims," but deny the Motion to the extent Southwest seeks dismissal of pre-suit patent infringement damages for infringement of *method* claims" because "patent owners are relieved from marking in the case of method claims."[5]

Both parties filed objections to the Report on September 8, 2026. Docs. 172, 173. In their objections (Doc. 173), Plaintiffs contend that the magistrate judge erred in recommending dismissal of Claim 14 of the '722 Patent under Section 101 because the Report incorrectly reduces Claim 14 to two generic steps while disregarding express claim limitations and incorrectly stating that they failed to identify claim limitations that make Claim 14 non-abstract. In addition, Plaintiffs contend that the magistrate judge erred in recommending that their claim for pre-suit damages be dismissed with prejudice without the opportunity to further amend in light of the Federal Circuit's decision in *VDPP, Limited Liability Company v. Volkswagen Group of America, Incorporated*, No. 2024-2226 (Fed. Cir. Aug. 19, 2026), which issued after the Report.

Southwest, on the other hand, argues in its objections (Doc. 172) that the magistrate judge: (1) erred in limiting his analysis to the specifically briefed claims; (2) misapplied the steps in *Alice* in analyzing Plaintiffs' claims and framing Southwest's burden; (3) "erred by concluding at *Alice* step one that Claim 1 of the '582 Patent is not directed to an abstract idea . . . [because] Claim 1 of the '582 Patent is directed to an abstract scheduling rule, not a technological improvement," "[t]he same analysis applies to each asserted claim," and the Report incorrectly "credited the kind of conclusory allegations that the Federal Circuit has held are insufficient";[6] (4) "erred in ruling

---

[5] *Id.* at 41-42 (emphasis added).

[6] Doc. 172 at 13-14. Southwest further asserts that, "[b]ecause Claim 1 recites only result-focused functional language and never specifies how the claimed steps achieve any purported improvement, Southwest objects to pages 21-23 of

that Claim 1 of the ’282 Patent and Claim 7 of the ’844 Patent are not abstract at *Alice* step one,” and Southwest objects because the Report treats “the claims’ detailed implementation as sufficient to convert that abstract idea into an eligible one, even though the claims use functional, results-oriented language and do not claim a technological mechanism sufficient to change the eligibility analysis,” which according to Southwest, is contrary to the legal rule regarding abstract ideas referenced in the Report;[7] (5) “erred by limiting [his] ’722 Patent ruling to Claim 14 alone” even though its Motion identified Claim 14 as representative; (6) “erred in [his] ruling on Claim 9 of the ’080 Patent” and in rejecting Southwest’s “abstraction as too broad” while crediting Plaintiffs’ reliance on the “distributed shared variable” and “intermediate condition” limitations, and the magistrate judge’s “alternative step-two holding is independently erroneous. . . . Because Claim 9 adds only these conventional concepts and generic functions, it fails both steps of *Alice*”;[8] and (7) “erred in [his] method-claim carveout from § 287.”[9] Southwest, therefore, requests that the court sustain its objections and grant the following relief:

> First, the Court should hold Claim 1 of the ’582 Patent, Claim 1 of the ’282 Patent, Claim 7 of the ’844 Patent, and Claim 9 of the ’080 Patent ineligible under § 101; treat each such claim as representative of the other asserted claims of its patent, as set forth in Section IV.A; and, on that basis, dismiss in their entirety the infringement claims asserted in Counts I, V, VI, and VIII of the Amended Complaint. Should the Court decline to apply the representative claims on a claim wide[]basis, it should at a minimum hold the four representative claims ineligible and dismiss the infringement claims based on those claims. Second, the Court should extend the recommendation holding Claim 14 of the ’722 Patent ineligible to the asserted claims represented by Claim 14, including dependent Claims 16-18. Third, the Court should clarify that the § 287 marking bar precludes pre-suit

---

the [Report] to the extent they conclude that Claim 1 is directed to a patent-eligible improvement rather than an abstract idea under § 101.” *Id.* at 13.

[7] *Id.* at 18. In addition, Southwest argues that the magistrate judge incorrectly relied on and converted conclusory statements into a technological improvement at step one. *Id.* at 19-20.

[8] *Id.* at 23-26 (citing Doc. 159 at 35-37).

[9] *Id.* at 26-28.

> damages on the method claims of any patent that also asserts system or apparatus claims and for which § 287 required marking.

Doc. 172 at 28. Plaintiffs and Defendant both filed responses to the other sides' objections to the Report. Docs. 181, 182.

Having considered the Motion to Dismiss (Doc. 99), Plaintiffs' live pleadings, and Report, and having conducted a de novo review with respect to the portions of the Report to which the parties' specifically objected,[10] the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** the parties' objections (Docs. 172, 173), and **grants in part and denies in part** the Motion to Dismiss (Doc. 99) to the extent recommended by the magistrate judge.

With respect to Plaintiffs' request to further amend their pleadings (included in its objections) with respect to pre-suit damages, the court **denies without prejudice** this request. The parties' dispute regarding this request focuses on whether the Federal Circuit's recent decision in *VDPP, Limited Liability Company v. Volkswagen Group of America, Incorporated* supports Plaintiffs' argument that it should be allowed to amend their claim for pre-suit damages because doing so would not be futile. The deadline for amendment of pleadings, however, expired on April 17, 2026 (Doc. 131), and Plaintiffs' request to further amend their pleadings does not address Federal Rule of Civil Procedure's 16(b)'s good cause standard or the factors applicable to a motion to amend made after expiration of the pleading amendment deadline. Additionally, Plaintiffs do not adequately explain how they would amend if given the opportunity to do so; nor did they submit a proposed amended complaint for the court's consideration. *See* L.R. 15.1(a). Thus, any

---

[10] While the court considered all objections and arguments included in the parties' submissions in connection with the Report and the arguments in their briefing on the Motion to Dismiss, its summary of the parties' contentions in this order is not meant to be an exhaustive one; rather, the purpose of the summary is to identify the magistrate judge's recommended disposition of the Motion and the claims at issue that are the subject of the parties' respective objections and to highlight some of the major points urged by the parties.

reurged request by Plaintiffs to further amend their pleadings must comply with all applicable Local Civil Rules and Federal Rules of Civil Procedure and be accompanied by a red-lined version of Plaintiffs' proposed amended complaint for the magistrate judge's consideration and determination.

**It is so ordered** this 24th day of September, 2026.

Sam A. Lindsay
United States District Judge