**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,** | § | |
| | § | |
| | § | **Civil Action No. 3:25-cv-02885-L-BN** |
| **Plaintiffs,** | § | |
| | § | **Consolidated with 3:25-cv-03097-L** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| **Defendant.** | | |

**SOUTHWEST AIRLINES CO.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Southwest Airlines Co. ("Southwest") files this answer and asserts its counterclaims in response to Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively, "Plaintiffs") Amended Complaint for Patent Infringement (Dkt. 97).

Except as expressly admitted below, Southwest denies each and every allegation of the Amended Complaint, including any allegations contained in its headings, subheadings, footnotes, exhibits, unnumbered paragraphs, and prayer for relief. Southwest reproduces the headings of the Amended Complaint below solely for ease of reference; to the extent any heading (including the count headings captioned "Southwest's Infringement of . . .") contains or implies an allegation, Southwest denies it. Southwest's use of terms defined in the Amended Complaint, including "Patents-in-Suit" and "Accused Products and Services," is for convenience only and is not an admission.

## NATURE OF THE ACTION

1. Southwest admits that the Amended Complaint purports to state claims for patent infringement, but denies that Plaintiffs are entitled to any relief.

## THE PARTIES

### Intellectual Ventures

2. Upon information and belief, Plaintiff Intellectual Ventures I LLC ("IV I") is a Delaware limited liability company. Southwest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Upon information and belief, Plaintiff Intellectual Ventures II LLC ("IV II") is a Delaware limited liability company. Southwest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV I's ownership, title, interest, or rights in the '722, '582, '326, and '080 Patents, and therefore denies them.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV II's ownership, title, interest, or rights in the '844, '282, '469, and '000 Patents, and therefore denies them.

### Southwest Airlines

6. Southwest admits Paragraph 6.

7. Southwest denies that it makes, utilizes, services, tests, distributes, sells, offers, or offers for sale products, services, or technologies that infringe any Patent-in-Suit, and denies that it contributes to or induces any infringement.

8. Southwest denies that it derived revenue from infringing acts in this District or that any revenue from its products or services is attributable to infringement.

## JURISDICTION AND VENUE

9. Southwest admits that this is an action arising under the patent laws of the United States and that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Southwest denies the remaining allegations and characterizations in Paragraph 9.

10. Southwest admits that the Court has personal jurisdiction over Southwest and that Southwest does business in this District, Texas, and elsewhere in the United States. Southwest further admits that it makes in-flight Wi-Fi internet service, provided through equipment and services supplied by third-party in-flight connectivity providers, available to customers on certain Southwest aircraft, including flights operating in this District. Southwest denies that it has committed any act of infringement, denies that it has contributed to or induced infringement, denies that jurisdiction is based on infringement or other unlawful conduct, and denies the remaining allegations in Paragraph 10.

11. Southwest admits that the Court has personal jurisdiction over Southwest and that Southwest does business in Texas and in this District, and that Southwest maintains its principal place of business at 2702 Love Field Drive, Dallas, Texas 75235. Southwest denies that it has committed patent infringement or other unlawful acts in this District, and denies the remaining allegations in Paragraph 11.

12. Southwest admits that it does business in the State of Texas and in the Northern District of Texas.

13. Southwest admits that it operates scheduled passenger service to multiple destinations within Texas. Southwest states that the number of destinations it serves varies over time and therefore denies the remaining allegations in Paragraph 13 to the extent they are inconsistent with this response.

14. Southwest admits that venue is proper in this District. Southwest admits that it maintains its principal place of business in this District. Southwest denies that it has committed

any act of infringement in this District or elsewhere, and denies the remaining allegations in Paragraph 14.

15. Southwest admits that it operates flights at certain airport locations in this District, and does not dispute the street addresses alleged for those airports. Southwest denies that it has committed acts of infringement at those or any other locations, denies that it has placed any infringing product or service into the stream of commerce, and denies the remaining allegations in Paragraph 15.

16. Southwest admits that it operates flights, sells tickets, and services customers at the airports identified in Paragraph 15. Southwest denies that any of those locations is a place where Southwest infringes the Patents-in-Suit, and denies the remaining allegations in Paragraph 16.

17. Southwest admits that it operates at certain airport locations in this District. Southwest denies the remaining allegations and characterizations that it makes, utilizes, services, tests, distributes, offers, or offers for sale any infringing product or service at those locations, denies Plaintiffs' characterization of airport facilities as "established, ratified, and/or controlled" by Southwest, and denies the remaining allegations in Paragraph 17.

18. Southwest admits that its website includes a map identifying airports Southwest serves, including airports in this District. Southwest denies that it "ratifies" any location or holds out any location as a place as regular and established places of business of Southwest in this District by listing them on Southwest's website.

19. Southwest admits that it operates at certain airport locations in this District. Southwest denies that it directs or controls those locations to conduct infringing activity or to place infringing products or services into the stream of commerce, and denies the remaining allegations in Paragraph 19.

## FACTUAL BACKGROUND

20. Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Southwest admits that it offers airline-related services to its customers and works with partners, vendors, and third-party suppliers to support its airline operations. Southwest further admits that it makes in-flight Wi-Fi internet connectivity available to customers and/or employees on certain aircraft through equipment and services supplied by third-party in-flight connectivity providers, and denies that it manages or operates those providers' Wi-Fi, satellite, or cellular technologies as alleged. Southwest admits that, like many large enterprises, it has used certain open-source software in its internal information technology operations, but denies Plaintiffs' characterizations of the nature, scope, and function of any such use, and denies that Kafka, Docker, Spark, Hadoop, or any other open-source software tool is a product or service that Southwest offers to its customers, partners, vendors, or third parties. Southwest denies that any of its products or services infringes any Patent-in-Suit and denies the remaining allegations in Paragraph 23.

## THE PATENTS-IN-SUIT

***U.S. Patent No. 8,332,844***

24. Southwest admits that the PTO issued the '844 Patent on December 11, 2012, that the '844 Patent bears the title alleged, and that what purports to be a copy of the '844 Patent is attached to the Amended Complaint as Exhibit 1. Southwest denies that the '844 Patent is valid or enforceable and denies the remaining allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV II's ownership, title, interest, or rights in the '844 Patent, and therefore denies them.

***U.S. Patent No. 8,407,722***

26. Southwest admits that the PTO issued the '722 Patent on March 26, 2013, that the '722 Patent bears the title alleged, and that what purports to be a copy of the '722 Patent is attached to the Amended Complaint as Exhibit 2. Southwest denies that the '722 Patent is valid or enforceable and denies the remaining allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV I's ownership, title, interest, or rights in the '722 Patent, and therefore denies them.

***U.S. Patent No. 8,027,326***

28. Southwest admits that the PTO issued the '326 Patent on September 27, 2011, that the '326 Patent bears the title alleged, and that what purports to be a copy of the '326 Patent is attached to the Amended Complaint as Exhibit 3. Southwest denies that the '326 Patent is valid or enforceable and denies the remaining allegations in Paragraph 28.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV I's ownership, title, interest, or rights in the '326 Patent, and therefore denies them.

***U.S. Patent No. 7,324,469***

30. Southwest admits that the PTO issued the '469 Patent on January 29, 2008, that the '469 Patent bears the title alleged, and that what purports to be a copy of the '469 Patent is

attached to the Amended Complaint as Exhibit 4. Southwest denies that the ’469 Patent is valid or enforceable and denies the remaining allegations in Paragraph 30.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV II’s ownership, title, interest, or rights in the ’469 Patent, and therefore denies them.

***U.S. Patent No. 7,257,582***

32. Southwest admits that the PTO issued the ’582 Patent on August 14, 2007, that the ’582 Patent bears the title alleged, and that what purports to be a copy of the ’582 Patent is attached to the Amended Complaint as Exhibit 5. Southwest denies that the ’582 Patent is valid or enforceable and denies the remaining allegations in Paragraph 32.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Southwest admits that the face of the ’582 Patent identifies Corigin Ltd as assignee. Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV I’s ownership, title, interest, or rights in the ’582 Patent, and therefore denies them.

***U.S. Patent No. 7,712,080***

34. Southwest admits that the PTO issued the ’080 Patent on May 4, 2010, that the ’080 Patent bears the title alleged, and that what purports to be a copy of the ’080 Patent is attached to the Amended Complaint as Exhibit 16. Southwest denies that the ’080 Patent is valid or enforceable and denies the remaining allegations in Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV I’s ownership, title, interest, or rights in the ’080 Patent, and therefore denies them. Southwest denies that IV I holds all substantial

rights in the ’080 Patent, including the right to enforce and recover damages. Plaintiffs have failed to establish that they hold all rights necessary to maintain this action, and, upon information and belief, the University of California may be a necessary party with respect to the ’080 Patent.

***U.S. Patent No. 7,721,282***

36. Southwest admits that the PTO issued the ’282 Patent on May 18, 2010, that the ’282 Patent bears the title alleged, and that what purports to be a copy of the ’282 Patent is attached to the Amended Complaint as Exhibit 17. Southwest denies that the ’282 Patent is valid or enforceable and denies the remaining allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Southwest admits that the face of the ’282 Patent identifies Panta Systems, Inc. as assignee. Southwest is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV II’s ownership, title, interest, or rights in the ’282 Patent, and therefore denies them.

***U.S. Patent No. 11,032,000***

38. Southwest admits that the PTO issued the ’000 Patent on June 8, 2021, that the ’000 Patent bears the title alleged, and that what purports to be a copy of the ’000 Patent is attached to the Amended Complaint as Exhibit 18. Southwest denies that the ’000 Patent is valid or enforceable and denies the remaining allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Southwest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning IV II’s ownership, title, interest, or rights in the ’000 Patent, and therefore denies them.

**COUNT I**

(Southwest's Infringement of U.S. Patent No. 8,332,844)

40. Paragraph 40 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-39 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-39 above as if fully set forth herein. To the extent Paragraph 40 contains any other allegations, Southwest denies such allegations in Paragraph 40.

41. Southwest denies that it has directly infringed, literally and/or under the doctrine of equivalents, any claim of the '844 Patent, including by making, using, servicing, testing, distributing, selling, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

42. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the '844 Patent. Southwest denies the remaining allegations in this Paragraph.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the '844 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Southwest denies the remaining allegations in this Paragraph.

44. Southwest denies that each claim of the '844 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest's defenses. Southwest denies the remaining allegations in this Paragraph.

45. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 45.

46. Southwest denies that it was willfully blind to the ’844 Patent or any alleged infringement, and denies that it knew or intended that any of its actions would infringe or induce or contribute to any alleged infringement of the ’844 Patent. Southwest states that Exhibit 6 to the Amended Complaint is a letter dated November 1, 2024, sent by counsel for non-party Intellectual Ventures Management, LLC rather than by Plaintiffs, that identifies the ’844 Patent as one of six “example” patents. Southwest denies that the November 1, 2024 letter provided notice of any specific act of infringement or established knowledge of infringement, specific intent, or willfulness. Southwest denies the remaining allegations in this Paragraph.

47. Southwest denies that it induced infringement of any claim of the ’844 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

48. Southwest denies that it committed affirmative acts with knowledge of the ’844 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

49. Southwest denies that it contributorily infringed any claim of the ’844 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

50. Southwest denies that any accused product or service was especially made or adapted for infringing the ’844 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

51. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’844 Patent.

52. Southwest denies Plaintiffs' characterizations of the exhibit and denies that it establishes infringement of the '844 Patent.

53. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest's alleged conduct caused Plaintiffs' claimed damages. Southwest denies the remaining allegations in this Paragraph.

54. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

55. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the '844 Patent. Southwest denies the remaining allegations in this Paragraph.

## **COUNT II**

(Southwest's Infringement of U.S. Patent No. 8,407,722)

56. Paragraph 56 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-55 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-55 above as if fully set forth herein. To the extent Paragraph 56 contains any other allegations, Southwest denies such allegations in Paragraph 56.

57. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the '722 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

58. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the ’722 Patent. Southwest denies the remaining allegations in this Paragraph.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’722 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

60. Southwest denies that each claim of the ’722 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest’s defenses. Southwest denies the remaining allegations in this Paragraph.

61. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 61.

62. Southwest denies that it was willfully blind to the ’722 Patent or any alleged infringement, and denies that it knew or intended that any of its actions would infringe or induce or contribute to any alleged infringement of the ’722 Patent. Southwest states that Exhibit 6 to the Amended Complaint is a letter dated November 1, 2024, sent by counsel for non-party Intellectual Ventures Management, LLC rather than by Plaintiffs, that identifies the ’722 Patent as one of six “example” patents. Southwest denies that the November 1, 2024 letter provided notice of any specific act of infringement or established knowledge of infringement, specific intent, or willfulness. Southwest denies the remaining allegations in this Paragraph.

63. Southwest denies that it induced infringement of any claim of the ’722 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

64. Southwest denies that it committed affirmative acts with knowledge of the ’722 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

65. Southwest denies that it contributorily infringed any claim of the ’722 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

66. Southwest denies that any accused product or service was especially made or adapted for infringing the ’722 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

67. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’722 Patent.

68. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that it establishes infringement of the ’722 Patent.

69. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest’s alleged conduct caused Plaintiffs’ claimed damages. Southwest denies the remaining allegations in this Paragraph.

70. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

71. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the ’722 Patent. Southwest denies the remaining allegations in this Paragraph.

**COUNT III**

(Southwest's Infringement of U.S. Patent No. 8,027,326)[1]

72. Paragraph 72 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-71 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-71 above as if fully set forth herein. To the extent Paragraph 72 contains any other allegations, Southwest denies such allegation in Paragraph 72.

73. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the '326 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

74. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the '326 Patent. Southwest denies the remaining allegations in this Paragraph.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the '326 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

76. Southwest denies that each claim of the '326 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest's defenses. Southwest denies the remaining allegations in this Paragraph.

---

[1] Since Plaintiffs filed their Amended Complaint, this Court severed and stayed Plaintiffs' claims related to the '326 Patent. *See* Dkt. 124. Southwest answers any claims in the Amended Complaint that are subject to a stay, but does not seek adjudication of those claims while the stay remains in effect.

77. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 77.

78. Southwest denies that it was willfully blind to the ’326 Patent or any alleged infringement, and denies that it knew or intended that any of its actions would infringe or induce or contribute to any alleged infringement of the ’326 Patent. Southwest states that Exhibit 6 to the Amended Complaint is a letter dated November 1, 2024, sent by counsel for non-party Intellectual Ventures Management, LLC rather than by Plaintiffs, that identifies the ’326 Patent as one of six “example” patents. Southwest denies that the November 1, 2024 letter provided notice of any specific act of infringement or established knowledge of infringement, specific intent, or willfulness. Southwest denies the remaining allegations in this Paragraph.

79. Southwest denies that it induced infringement of any claim of the ’326 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest admits that in-flight Wi-Fi connectivity on certain Southwest aircraft is provided through equipment and services supplied by third-party in-flight connectivity providers, including Viasat and Anuvu. Southwest is without knowledge or information sufficient to form a belief as to the technical specifications of those providers’ hardware and software, including the IEEE 802.11 protocols they support, and therefore denies those allegations. Southwest denies the remaining allegations in this Paragraph.

80. Southwest denies that it committed affirmative acts with knowledge of the ’326 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

81. Southwest denies that it contributorily infringed any claim of the ’326 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

82. Southwest denies that any accused product or service was especially made or adapted for infringing the ’326 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

83. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’326 Patent.

84. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that it establishes infringement of the ’326 Patent.

85. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest’s alleged conduct caused Plaintiffs’ claimed damages. Southwest denies the remaining allegations in this Paragraph.

86. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

87. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the ’326 Patent. Southwest denies the remaining allegations in this Paragraph.

## **COUNT IV**

(Southwest’s Infringement of U.S. Patent No. 7,324,469)[2]

88. Paragraph 88 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-87 of the Amended Complaint. Southwest therefore

[2] Since Plaintiffs filed their Amended Complaint, this Court severed and stayed Plaintiffs’ claims related to the ’469 Patent. *See* Dkt. 124. Southwest answers any claims in the Amended Complaint that are subject to a stay, but does not seek adjudication of those claims while the stay remains in effect.

incorporates by reference its responses to the allegations of Paragraphs 1-87 above as if fully set forth herein. To the extent Paragraph 88 contains any other allegations, Southwest denies such allegation in Paragraph 88.

89. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the ’469 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

90. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the ’469 Patent. Southwest denies the remaining allegations in this Paragraph.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’469 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

92. Southwest denies that each claim of the ’469 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest’s defenses. Southwest denies the remaining allegations in this Paragraph.

93. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 93.

94. Southwest denies that it was willfully blind to the ’469 Patent or any alleged infringement, and denies that it knew or intended that any of its actions would infringe or induce or contribute to any alleged infringement of the ’469 Patent. Southwest states that Exhibit 6 to the Amended Complaint is a letter dated November 1, 2024, sent by counsel for non-party Intellectual Ventures Management, LLC rather than by Plaintiffs, that identifies the

’469 Patent as one of six “example” patents. Southwest denies that the November 1, 2024 letter provided notice of any specific act of infringement or established knowledge of infringement, specific intent, or willfulness. Southwest denies the remaining allegations in this Paragraph.

95. Southwest denies that it induced infringement of any claim of the ’469 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest admits that in-flight Wi-Fi connectivity on certain Southwest aircraft, including satellite-based connectivity, is provided through equipment and services supplied by third-party in-flight connectivity providers, including Viasat and Anuvu. Southwest is without knowledge or information sufficient to form a belief as to the technical specifications of those providers’ hardware and software, and therefore denies those allegations. Southwest denies the remaining allegations in this Paragraph.

96. Southwest denies that it committed affirmative acts with knowledge of the ’469 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

97. Southwest denies that it contributorily infringed any claim of the ’469 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

98. Southwest denies that any accused product or service was especially made or adapted for infringing the ’469 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

99. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’469 Patent.

100. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that it establishes infringement of the ’469 Patent.

101. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest's alleged conduct caused Plaintiffs' claimed damages. Southwest denies the remaining allegations in this Paragraph.

102. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

103. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the '469 Patent. Southwest denies the remaining allegations in this Paragraph.

**COUNT V**

(Southwest's Infringement of U.S. Patent 7,257,582)

104. Paragraph 104 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-103 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-103 above as if fully set forth herein. To the extent Paragraph 104 contains any other allegations, Southwest denies such allegation in Paragraph 104.

105. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the '582 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

106. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the '582 Patent. Southwest denies the remaining allegations in this Paragraph.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’582 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

108. Southwest denies that each claim of the ’582 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest’s defenses. Southwest denies the remaining allegations in this Paragraph.

109. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 109.

110. Southwest denies that it was willfully blind to the ’582 Patent or any alleged infringement, and denies that it knew or intended that any of its actions would infringe or induce or contribute to any alleged infringement of the ’582 Patent. Southwest states that Exhibit 6 to the Amended Complaint is a letter dated November 1, 2024, sent by counsel for non-party Intellectual Ventures Management, LLC rather than by Plaintiffs, that identifies the ’582 Patent as one of six “example” patents. Southwest denies that the November 1, 2024 letter provided notice of any specific act of infringement or established knowledge of infringement, specific intent, or willfulness. Southwest denies the remaining allegations in this Paragraph.

111. Southwest denies that it induced infringement of any claim of the ’582 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

112. Southwest denies that it committed affirmative acts with knowledge of the ’582 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

113. Southwest denies that it contributorily infringed any claim of the ’582 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

114. Southwest denies that any accused product or service was especially made or adapted for infringing the ’582 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

115. Southwest denies Plaintiffs’ characterizations of the exhibits and denies that any accused product or service satisfies every limitation of any asserted claim of the ’582 Patent.

116. Southwest denies Plaintiffs’ characterizations of the exhibits and denies that they establish infringement of the ’582 Patent.

117. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest’s alleged conduct caused Plaintiffs’ claimed damages. Southwest denies the remaining allegations in this Paragraph.

118. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

119. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the ’582 Patent. Southwest denies the remaining allegations in this Paragraph.

**COUNT VI**

(Southwest’s Infringement of U.S. Patent No. 7,712,080)

120. Paragraph 120 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-119 of the Amended Complaint. Southwest

therefore incorporates by reference its responses to the allegations of Paragraphs 1-119 above as if fully set forth herein. To the extent Paragraph 120 contains any other allegations, Southwest denies such allegation in Paragraph 120.

121. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the ’080 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

122. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the ’080 Patent. Southwest denies the remaining allegations in this Paragraph.

123. Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’080 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

124. Southwest denies that each claim of the ’080 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest’s defenses. Southwest denies the remaining allegations in this Paragraph.

125. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 125.

126. Southwest denies that it had actual knowledge of the ’080 Patent before Plaintiffs first asserted it against Southwest in litigation. Southwest states that the ’080 Patent is not among the patents identified in the November 1, 2024 letter attached as Exhibit 6 to the Amended Complaint, and that Paragraph 126 identifies no date, communication, or other source of the alleged knowledge. Southwest denies that it was willfully blind to the ’080 Patent

or to any alleged infringement, denies that any notice or other asserted knowledge establishes willfulness, knowledge of infringement, intent, or entitlement to enhanced damages, and denies the remaining allegations in this Paragraph.

127. Southwest denies that it induced infringement of any claim of the ’080 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

128. Southwest denies that it committed affirmative acts with knowledge of the ’080 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

129. Southwest denies that it contributorily infringed any claim of the ’080 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

130. Southwest denies that any accused product or service was especially made or adapted for infringing the ’080 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

131. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’080 Patent.

132. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that it establishes infringement of the ’080 Patent.

133. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest’s alleged conduct caused Plaintiffs’ claimed damages. Southwest denies the remaining allegations in this Paragraph.

134. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

135. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the ’080 Patent. Southwest denies the remaining allegations in this Paragraph.

**COUNT VII**

(Southwest’s Infringement of U.S. Patent No. 11,032,000)[3]

136. Paragraph 136 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-135 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-135 above as if fully set forth herein. To the extent Paragraph 136 contains any other allegations, Southwest denies such allegation in Paragraph 136.

137. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the ’000 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

138. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the ’000 Patent. Southwest denies the remaining allegations in this Paragraph.

139. Paragraph 139 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’000 Patent are valid,

---

[3] Since Plaintiffs filed their Amended Complaint, this Court severed and stayed Plaintiffs’ claims related to the ’000 Patent. *See* Dkt. 171. Southwest answers any claims in the Amended Complaint that are subject to a stay, but does not seek adjudication of those claims while the stay remains in effect.

enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

140. Southwest denies that each claim of the ’000 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest’s defenses. Southwest denies the remaining allegations in this Paragraph.

141. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 141.

142. Southwest denies that it had actual knowledge of the ’000 Patent before Plaintiffs first asserted it against Southwest in litigation. Southwest states that the ’000 Patent is not among the patents identified in the November 1, 2024 letter attached as Exhibit 6 to the Amended Complaint, and that Paragraph 142 identifies no date, communication, or other source of the alleged knowledge. Southwest denies that it was willfully blind to the ’000 Patent or to any alleged infringement, denies that any notice or other asserted knowledge establishes willfulness, knowledge of infringement, intent, or entitlement to enhanced damages, and denies the remaining allegations in this Paragraph.

143. Southwest denies that it induced infringement of any claim of the ’000 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

144. Southwest denies that it committed affirmative acts with knowledge of the ’000 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

145. Southwest denies that it contributorily infringed any claim of the ’000 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

146. Southwest denies that any accused product or service was especially made or adapted for infringing the ’000 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

147. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the ’000 Patent.

148. Southwest denies Plaintiffs’ characterizations of the exhibit and denies that it establishes infringement of the ’000 Patent.

149. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest’s alleged conduct caused Plaintiffs’ claimed damages. Southwest denies the remaining allegations in this Paragraph.

150. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

151. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the ’000 Patent. Southwest denies the remaining allegations in this Paragraph.

**COUNT VIII**

(Southwest's Infringement of U.S. Patent No. 7,721,282)[4]

152. Paragraph 152 of the Amended Complaint merely re-alleges and incorporates by reference the allegations in Paragraphs 1-151 of the Amended Complaint. Southwest therefore incorporates by reference its responses to the allegations of Paragraphs 1-151 above as if fully set forth herein. To the extent Paragraph 152 contains any other allegations, Southwest denies such allegation in Paragraph 152.

153. Southwest denies that it has directly infringed, literally or under the doctrine of equivalents, any claim of the ’282 Patent, including by making, using, servicing, testing, distributing, offering for sale, or otherwise providing any accused product or service. Southwest denies the remaining allegations in this Paragraph.

154. Southwest denies that its internal testing or use of any product or service directly infringes, literally or under the doctrine of equivalents, any claim of the ’282 Patent. Southwest denies the remaining allegations in this Paragraph.

155. Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, Southwest denies that the claims of the ’282 Patent are valid, enforceable, or patent eligible and affirmatively states that one or more asserted claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

156. Southwest denies that each claim of the ’282 Patent recites an independent invention or that the allegations concerning representative claims have any legal or factual effect on Southwest's defenses. Southwest denies the remaining allegations in this Paragraph.

[4] Plaintiffs represented to the Court that they will seek to sever and stay their claims related to the ’282 Patent in light of Judge Mazzant's Claim Construction Order finding the asserted claims of the ’282 Patent invalid for indefiniteness. *See* Dkt. 161 at 1 n.1. Unless and until those claims are severed and stayed, Southwest answers them and asserts its Ninth and Tenth Counterclaims below.

157. Southwest denies that any accused product or service cannot be used without infringement, denies that any such product or service lacks substantial non-infringing uses, and denies the remaining allegations in Paragraph 157.

158. Southwest denies that it had actual knowledge of the ’282 Patent before Plaintiffs first asserted it against Southwest in litigation. Southwest states that the ’282 Patent is not among the patents identified in the November 1, 2024 letter attached as Exhibit 6 to the Amended Complaint, and that Paragraph 158 identifies no date, communication, or other source of the alleged knowledge. Southwest denies that it was willfully blind to the ’282 Patent or to any alleged infringement, denies that any notice or other asserted knowledge establishes willfulness, knowledge of infringement, intent, or entitlement to enhanced damages, and denies the remaining allegations in this Paragraph.

159. Southwest denies that it induced infringement of any claim of the ’282 Patent and denies that it encouraged, instructed, or otherwise caused any partner, vendor, customer, employee, or third party to infringe. Southwest denies the remaining allegations in this Paragraph.

160. Southwest denies that it committed affirmative acts with knowledge of the ’282 Patent or specific intent to cause infringement, and denies the remaining allegations concerning induced infringement.

161. Southwest denies that it contributorily infringed any claim of the ’282 Patent and denies that it knowingly provided any component, software, or technology especially made or adapted for infringement. Southwest denies the remaining allegations in this Paragraph.

162. Southwest denies that any accused product or service was especially made or adapted for infringing the ’282 Patent, denies that any lacks substantial non-infringing uses, and denies that it materially contributed to any third party’s infringement. Southwest denies the remaining allegations in this Paragraph.

163. Southwest denies Plaintiffs' characterizations of the exhibit and denies that any accused product or service satisfies every limitation of any asserted claim of the '282 Patent.

164. Southwest denies Plaintiffs' characterizations of the exhibit and denies that it establishes infringement of the '282 Patent.

165. Southwest denies that Plaintiffs are entitled to damages, a reasonable royalty, enhanced damages, or any other monetary relief, and denies that Southwest's alleged conduct caused Plaintiffs' claimed damages. Southwest denies the remaining allegations in this Paragraph.

166. Southwest denies that Plaintiffs have suffered irreparable harm or lack an adequate remedy at law, and denies that Plaintiffs are entitled to an injunction or other equitable relief. Southwest denies the remaining allegations in this Paragraph.

167. Southwest denies that Plaintiffs have suffered or will suffer damages from any act by Southwest and denies that Plaintiffs are entitled to recover any amount under the '282 Patent. Southwest denies the remaining allegations in this Paragraph.

## ANSWER TO ALLEGED MARKING

168. Southwest admits that Plaintiffs do not make or sell products. To the extent this allegation relates to compliance with 35 U.S.C. § 287, however, Southwest denies that Plaintiffs have complied with the applicable marking requirements of 35 U.S.C. § 287, and denies the remaining allegations in Paragraph 168.

169. Southwest denies the allegations in Paragraph 169, including that Plaintiffs have complied with all applicable requirements of 35 U.S.C. § 287 or are entitled to past damages.

170. Southwest denies the allegations in Paragraph 170, including that any settlement license or other agreement establishes compliance with 35 U.S.C. § 287 or entitles Plaintiffs to past damages, and denies the remaining allegations in Paragraph 170.

171. Southwest denies the allegations in Paragraph 171, including that the circumstances or terms of any settlement license establish compliance with 35 U.S.C. § 287 or support recovery of past damages, and denies the remaining allegations in Paragraph 171.

## ANSWER TO ALLEGED DEMAND FOR JURY TRIAL

172. Plaintiffs' alleged Jury Demand does not require a response.

## ANSWER TO ALLEGED PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not require a response. To the extent a response is required, Southwest denies Plaintiffs' prayer for relief in its entirety.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE: Non-Infringement.** Southwest has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit.

**SECOND DEFENSE: Invalidity.** One or more claims of the Patents-in-Suit are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, including but not limited to obviousness, anticipation, lack of patentable subject matter, indefiniteness, and/or failure to satisfy the written description or enablement requirements.

**THIRD DEFENSE: Failure to State a Claim.** Plaintiffs have failed to state a claim upon which relief can be granted with respect to one or more of the Patents-in-Suit.

**FOURTH DEFENSE: Lack of Standing / Failure to Join Necessary Party.** With respect to the '080 Patent (U.S. Patent No. 7,712,080), Plaintiffs have failed to establish that they possess all rights necessary to maintain this action. Upon information and belief, the University of California retains ownership rights in the '080 Patent, and Plaintiffs' status as exclusive licensee does not confer standing to sue for infringement absent joinder of the patent owner. Accordingly, the action with respect to the '080 Patent should be dismissed for lack of

standing or, in the alternative, for failure to join a necessary and indispensable party under Federal Rule of Civil Procedure 19.

**FIFTH DEFENSE: No Willful Infringement.** Southwest's alleged infringement, if any, was not willful, and Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284.

**SIXTH DEFENSE: No Indirect Infringement.** Southwest has not induced and has not contributorily infringed any valid and enforceable claim of any of the Patents-in-Suit. Southwest has not had the requisite knowledge or specific intent to induce infringement, and the accused products and services are not especially made or especially adapted for infringement and have substantial non-infringing uses.

**SEVENTH DEFENSE: Failure to Mark / Limitation of Damages.** Plaintiffs, their predecessors-in-interest, and/or their licensees, including licensees under the settlement licenses referenced in Paragraph 170 of the Amended Complaint, have failed to comply with the marking requirements of 35 U.S.C. § 287, and any damages to which Plaintiffs may be entitled are limited accordingly.

**EIGHTH DEFENSE: License, Release, and Patent Exhaustion.** To the extent any of Southwest's accused products or services, or any components or technologies incorporated therein, are licensed under, covered by, or acquired through an authorized sale, license, release, or covenant not to sue, Plaintiffs' claims are barred and/or Plaintiffs' patent rights have been exhausted.

**NINTH DEFENSE: Laches.** To the extent applicable, Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**TENTH DEFENSE: Equitable Estoppel.** To the extent applicable, Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

**ELEVENTH DEFENSE: Waiver.** To the extent applicable, Plaintiffs have waived any rights they may have had to assert infringement of the Patents-in-Suit.

**TWELFTH DEFENSE: Unclean Hands.** To the extent applicable, Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**THIRTEENTH DEFENSE: Collateral Estoppel / Issue Preclusion (Indefiniteness of the '469 and '282 Patents).** The asserted claims of the '469 Patent (U.S. Patent No. 7,324,469) and the '282 Patent (U.S. Patent No. 7,721,282) are invalid as indefinite under 35 U.S.C. § 112, and Plaintiffs are collaterally estopped from asserting their validity. In *Intellectual Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-00980 (E.D. Tex.), the court held that all asserted claims of the '469 Patent and all asserted claims of the '282 Patent are indefinite. Because Plaintiffs actually litigated and lost the issue of the definiteness of these claims, they are precluded from relitigating that issue here, and Plaintiffs' claims for infringement of the '469 and '282 Patents are barred.

**FOURTEENTH DEFENSE: Prosecution History Estoppel.** Plaintiffs' claims are barred, in whole or in part, by the doctrine of prosecution history estoppel based on statements, representations, arguments, disclaimers, and/or amendments made during the prosecution of one or more of the Patents-in-Suit.

**FIFTEENTH DEFENSE: No Entitlement to Attorneys' Fees.** Plaintiffs' claims for costs and attorneys' fees in this action do not meet the requirements of 35 U.S.C. § 285.

**SIXTEENTH DEFENSE: Limitation on Damages (35 U.S.C. § 286).** Plaintiffs may not recover damages for any alleged infringement committed more than six years before the filing of the complaint or counterclaim first asserting the respective Patent-in-Suit against Southwest.

**SEVENTEENTH DEFENSE: No Injunctive Relief / Expired Patents.** Plaintiffs are not entitled to injunctive relief. Plaintiffs allege that they do not make or sell products (Am. Compl. ¶ 168); Plaintiffs' affiliate offered to license the asserted patents before suit (Am. Compl. Ex. 6); and any alleged injury is compensable by money damages. In addition, upon

information and belief based on the filing dates and patent term adjustments printed on their faces, the ’722, ’582, and ’469 Patents have expired, and other Patents-in-Suit will expire during the pendency of this action. No injunction may issue with respect to an expired patent, and Plaintiffs may not recover damages for any activity occurring after a patent’s expiration.

## RESERVATIONS

Southwest hereby reserves the right to amend this Answer and Counterclaims, including to assert additional affirmative defenses and additional counterclaims, as discovery in this action progresses and additional facts become known. This Answer and Counterclaims is filed without prejudice to any such amendment.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Southwest Airlines Co. respectfully requests that the Court enter judgment in its favor and against Plaintiffs as follows:

(a) That Plaintiffs take nothing by their Amended Complaint;

(b) That all claims in the Amended Complaint be dismissed with prejudice, subject to any stay entered by the Court as to particular claims;

(c) That the Court declare that Southwest has not infringed any valid and enforceable claim of any of the Patents-in-Suit;

(d) That the Court declare that the asserted claims of the Patents-in-Suit are invalid;

(e) That the Court find this case exceptional under 35 U.S.C. § 285 and award Southwest its reasonable attorneys’ fees and costs;

(f) That the Court award Southwest its costs of suit; and

(g) That the Court award Southwest such other and further relief as it deems just and proper.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Southwest Airlines Co. ("Southwest"), for its counterclaims against Plaintiffs and Counterclaim-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV"), alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3. This Court has personal jurisdiction over IV, and venue is proper in this District, because IV availed itself of this forum by filing its Amended Complaint here; venue for Southwest's counterclaims is therefore proper in this district.

4. Counterclaim-Plaintiff Southwest Airlines Co. is a Texas corporation with its principal place of business in Dallas, Texas.

5. On information and belief, Counterclaim-Defendant Intellectual Ventures I LLC is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

6. On information and belief, Counterclaim-Defendant Intellectual Ventures II LLC is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, WA 98007.

7. IV has accused Southwest of infringing the Patents-in-Suit, and Southwest has denied infringement and asserted that the Patents-in-Suit are invalid. Accordingly, an actual, substantial, and continuing justiciable controversy exists between Southwest and IV regarding the alleged infringement, validity, and enforceability of the Patents-in-Suit, including the '844, '722, '582, '080, and '282 Patents.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the ’844 Patent)**

8. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

9. Southwest has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’844 Patent.

10. In particular, the Accused Products and Services do not practice at least the “leaf image” and caching limitations of the asserted claims of the ’844 Patent, including claim 7. On information and belief, the accused Docker-based systems do not store “leaf images” on “respective second storage units” that include “only additional data blocks not previously contained in said root image,” and do not “cach[e] blocks of said root image that have been accessed by at least one of said compute nodes in a cache memory,” as those limitations are properly construed.

11. An actual and justiciable controversy exists between Southwest and IV concerning whether Southwest infringes any valid and enforceable claim of the ’844 Patent.

12. Southwest has been injured and damaged by IV’s filing of a lawsuit against Southwest based on a patent that Southwest does not infringe.

13. Southwest is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the ’844 Patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the ’722 Patent)**

14. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

15. Southwest has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’722 Patent.

16. In particular, the Accused Products and Services do not practice at least the "live object," object-identifier registration, and gateway category-to-node-type routing limitations of the asserted claims of the '722 Patent, including claim 14. On information and belief, the accused Kafka-based systems do not provide a "data representation" containing a "live object" that a client device registers for by "determining an object identifier (ID)," and do not include a "gateway device … configured to identify a category of the update message based on the input source, to determine a node type to which the identified category maps, and to route the update message to the node, having the node type," as those limitations are properly construed.

17. An actual and justiciable controversy exists between Southwest and IV concerning whether Southwest infringes any valid and enforceable claim of the '722 Patent.

18. Southwest has been injured and damaged by IV's filing of a lawsuit against Southwest based on a patent that Southwest does not infringe.

19. Southwest is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '722 Patent.

## THIRD COUNTERCLAIM

## (Declaratory Judgment of Non-Infringement of the '582 Patent)

20. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

21. Southwest has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '582 Patent.

22. In particular, the Accused Products and Services do not practice at least steps (b) and (d) of the asserted claims of the '582 Patent, including claim 1. On information and belief, the accused Apache Spark and Hadoop systems do not "distribut[e] descriptions of all of said partitions to each of a plurality of subtask processors," and do not have subtask processors that each process "another unprocessed partition on a first-come/first-served basis";

instead, a scheduler assigns particular partitions or input splits to particular tasks, as those limitations are properly construed.

23. An actual and justiciable controversy exists between Southwest and IV concerning whether Southwest infringes any valid and enforceable claim of the ’582 Patent.

24. Southwest has been injured and damaged by IV’s filing of a lawsuit against Southwest based on a patent that Southwest does not infringe.

25. Southwest is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the ’582 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the ’080 Patent)

26. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein. Southwest’s assertion of this counterclaim is without prejudice to, and expressly preserves, its contention that IV lacks standing to assert the ’080 Patent absent joinder of the patent owner.

27. Southwest has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’080 Patent.

28. In particular, the Accused Products and Services do not practice at least the “distributed shared variable” and distributed-sequential-to-distributed-parallel transformation limitations of the asserted claims of the ’080 Patent, including claim 1. On information and belief, the accused systems do not “establish[] at least one distributed shared variable” that is “a single variable that includes several variables that may be physically distributed across multiple memories,” and do not “transform[]” a “distributed sequential computing program into at least one distributed parallel computing program by spawning at least one child distributed sequential computing program,” using migrating threads, as those limitations are properly construed.

29. An actual and justiciable controversy exists between Southwest and IV concerning whether Southwest infringes any valid and enforceable claim of the ’080 Patent.

30. Southwest has been injured and damaged by IV’s filing of a lawsuit against Southwest based on a patent that Southwest does not infringe.

31. Southwest is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the ’080 Patent.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ’844 Patent)**

32. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

33. The asserted claims of the ’844 Patent are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. The asserted claims are directed to the abstract idea of managing and distributing images across a computer network and recite no inventive concept beyond well-known, conventional computing components, rendering them patent-ineligible under 35 U.S.C. § 101. The asserted claims are further anticipated and/or rendered obvious by prior art describing distributed image-management systems that predate the ’844 Patent’s priority date. The asserted claims are also invalid for obviousness-type double patenting because they are not patentably distinct from claims of the commonly owned U.S. Patent No. 7,721,282 (the ’282 Patent) and U.S. Patent No. 7,870,106 (the ’106 Patent), each of which is earlier-filed, earlier-issued, and earlier-expiring than the ’844 Patent.

34. Southwest is entitled to a declaratory judgment that one or more claims of the ’844 Patent are invalid.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the ’722 Patent)

35. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

36. The asserted claims of the ’722 Patent are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. The asserted claims are directed to the abstract idea of remotely updating content on networked devices and recite no inventive concept beyond generic, conventional network and computing components, rendering them patent-ineligible under 35 U.S.C. § 101. The asserted claims are further anticipated and/or rendered obvious by prior art describing remote content-updating systems that predate the ’722 Patent’s priority date.

37. Southwest is entitled to a declaratory judgment that one or more claims of the ’722 Patent are invalid.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the ’582 Patent)

38. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

39. The asserted claims of the ’582 Patent are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. The asserted claims are directed to the abstract idea of load balancing and distributing tasks among networked computing resources and recite no inventive concept beyond well-known, conventional distributed-computing components, rendering them patent-ineligible under 35 U.S.C. § 101. The asserted claims are further

anticipated and/or rendered obvious by prior art describing load-balancing and clustered-computing systems that predate the ’582 Patent’s priority date.

40. Southwest is entitled to a declaratory judgment that one or more claims of the ’582 Patent are invalid.

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ’080 Patent)**

41. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein. Southwest’s assertion of this counterclaim is without prejudice to, and expressly preserves, its contention that IV I does not hold all substantial rights in the ’080 Patent and may not proceed absent joinder of the Regents.

42. The asserted claims of the ’080 Patent are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. The asserted claims are directed to the abstract idea of distributed parallel computing using mobile agents that migrate among network nodes, and recite no inventive concept beyond well-known, conventional computing components, rendering them patent-ineligible under 35 U.S.C. § 101. The asserted claims are further anticipated and/or rendered obvious by prior art predating the ’080 Patent’s priority date.

43. Southwest is entitled to a declaratory judgment that one or more claims of the ’080 Patent are invalid.

**NINTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the ’282 Patent)**

44. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

45. Southwest has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’282 Patent.

46. For example, claim 1 of the ’282 Patent, the claim Plaintiffs chart (Am. Compl. Ex. 15), is directed to a block-level input/output subsystem in which a union block device creates an application environment by merging the blocks of a root image stored on a first storage unit with the blocks of a leaf image stored on a second storage unit. Plaintiffs accuse systems that “utilize Docker” and rely on Docker’s overlay2 storage driver. The overlay2 driver is a file-level union filesystem built on Linux OverlayFS: it merges directories and files from image layers and performs copy-on-write at the granularity of entire files. It does not provide a union block device and does not merge blocks of a root image with blocks of a leaf image. The accused systems therefore do not meet this limitation, literally or under the doctrine of equivalents.

47. An actual and justiciable controversy exists between Southwest and IV concerning whether Southwest infringes any valid and enforceable claim of the ’282 Patent.

48. Southwest is entitled to a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the ’282 Patent.

**TENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ’282 Patent)**

49. Southwest repeats and realleges the allegations in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

50. The asserted claims of the ’282 Patent, including claim 1, are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112. The asserted claims are indefinite under 35 U.S.C. § 112(b), as the court held in *Intellectual Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-00980 (E.D. Tex.), because they fail to inform a person of ordinary skill in the art of the scope of the invention with reasonable certainty. The asserted claims are also directed to the abstract idea of presenting a combined view of a base set of data and a set of

changes to that data, and recite no inventive concept beyond conventional storage and computing components, rendering them patent-ineligible under 35 U.S.C. § 101. The asserted claims are further anticipated and/or rendered obvious by prior art predating the ’282 Patent’s priority date, including, without limitation, the Linux device-mapper “snapshot” target, which presents a block device combining an unchanged origin volume with a copy-on-write store of changed blocks, alone or in combination with the knowledge of a person of ordinary skill in the art.

51. Southwest is entitled to a declaratory judgment that one or more claims of the ’282 Patent are invalid.

## DEMAND FOR JURY TRIAL ON COUNTERCLAIMS

52. Southwest demands a trial by jury on all issues so triable in these Counterclaims.

## EXCEPTIONAL CASE

53. This is an exceptional case entitling Southwest to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285 because, among other reasons, IV has asserted the Patents-in-Suit against Southwest with knowledge that they are not infringed, are invalid, and/or are unenforceable.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Southwest respectfully requests that the Court enter judgment in its favor and against IV as follows:

(a) A declaration that Southwest has not infringed and does not infringe any valid and enforceable claim of the ’844, ’722, ’582, ’080, and ’282 Patents;

(b) A declaration that the asserted claims of the ’844, ’722, ’582, ’080, and ’282 Patents are invalid;

(c) A judgment that this case is exceptional under 35 U.S.C. § 285 and an award to Southwest of its reasonable attorneys’ fees;

(d) An award to Southwest of its costs of suit; and

(e) Such other and further relief as the Court deems just and proper.

Date: October 8, 2026

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
State Bar No. 24040838
wdunwoody@munckwilson.com
Lucas R. Dombroski
Texas Bar No. 24142846
ldombroski@munckwilson.com
**Munck Wilson Mandala, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(972) 628-3600
(972) 628-3616 fax

*Attorneys for Southwest Airlines Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 8, 2026, the foregoing document has been served on all counsel of record via the Court's CM/ECF system.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody