**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No. 3:25-cv-02885-L-BN |
| | § | Consolidated with 3:25-cv-03097-L |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Defendant*. | § | |

**INTELLECTUAL VENTURES' ANSWER TO**
**DEFENDANT SOUTHWEST AIRLINES CO.'S COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Counterclaim-Defendants") hereby answer the Counterclaims asserted by Defendant and Counterclaim-Plaintiff Southwest Airlines Co. ("Southwest" or "Counterclaim-Plaintiff") in its Answer to Plaintiffs' Amended Complaint for Patent Infringement and Counterclaims (Dkt. 188) (the "Counterclaims").

**GENERAL DENIAL**

Except as expressly admitted below, Intellectual Ventures denies each and every allegation contained in the Counterclaims, including any allegations contained in headings, footnotes, or unnumbered paragraphs. Intellectual Ventures does not respond to Southwest's Answer, defenses, or other matter preceding the Counterclaims, as no response is required under the Federal Rules of Civil Procedure. Capitalized terms not otherwise defined herein have the meanings given in Intellectual Ventures' Amended Complaint for Patent Infringement (Dkt. 97). Headings from the Counterclaims are repeated solely for convenience of reference, and to the extent any heading is deemed to contain an allegation, it is denied. Paragraph numbers in the responses below refer to the numbered paragraphs of the Counterclaims.

**RESPONSES TO SOUTHWEST'S COUNTERCLAIMS**
**THE PARTIES, JURISDICTION, AND VENUE**

1. Intellectual Ventures admits that Southwest purports to bring its Counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 of the United States Code. Intellectual Ventures denies that Southwest is entitled to any relief on its Counterclaims and denies any remaining allegations of Paragraph 1.

2. Intellectual Ventures admits that this Court has subject matter jurisdiction over Southwest's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Intellectual Ventures denies that Southwest's Counterclaims have merit and denies any remaining allegations of Paragraph 2.

3. Intellectual Ventures admits, for purposes of this action only, that this Court has personal jurisdiction over Intellectual Ventures and that venue is proper in this District for Southwest's Counterclaims. Intellectual Ventures denies any remaining allegations of Paragraph 3.

4. Upon information and belief, Intellectual Ventures admits the allegations of Paragraph 4.

5. Intellectual Ventures I LLC admits that it is a Delaware limited liability company having its principal place of business at 14360 SE Eastgate Way, Bellevue, WA 98007. Intellectual Ventures denies any remaining allegations of Paragraph 5.

6. Intellectual Ventures II LLC admits that it is a Delaware limited liability company having its principal place of business at 14360 SE Eastgate Way, Bellevue, WA 98007. Intellectual Ventures denies any remaining allegations of Paragraph 6.

7. Intellectual Ventures admits that it has accused Southwest of infringing the Patents-in-Suit. Intellectual Ventures further alleges that an actual and justiciable controversy exists

between Intellectual Ventures and Southwest with respect to Southwest's infringement of the Patents-in-Suit and the validity of those patents. Intellectual Ventures denies that any claim of the Patents-in-Suit is invalid or unenforceable and denies any remaining allegations of Paragraph 7.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '844 Patent)**

8. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

9. Intellectual Ventures denies the allegations in Paragraph 9.

10. Intellectual Ventures denies the allegations in Paragraph 10, including Southwest's characterizations of the asserted claims and of the accused systems. Intellectual Ventures denies any remaining allegations of Paragraph 10.

11. Intellectual Ventures admits that an actual controversy exists between Intellectual Ventures and Southwest as to whether Southwest infringes the '844 Patent. Intellectual Ventures denies that Southwest does not infringe the '844 Patent and denies any remaining allegations of Paragraph 11.

12. Intellectual Ventures denies the allegations in Paragraph 12.

13. Intellectual Ventures admits that Southwest purports to seek a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '844 Patent. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 13.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '722 Patent)**

14. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

15. Intellectual Ventures denies the allegations in Paragraph 15.

16. To the extent Paragraph 16 refers to an order of the court regarding claim 14, Intellectual Ventures states that the order speaks for itself. Intellectual ventures denies any characterization by Southwest. Intellectual Ventures denies any remaining allegations of Paragraph 16.

17. Intellectual Ventures admits that an actual controversy exists between Intellectual Ventures and Southwest as to whether Southwest infringes the ’722 Patent. Intellectual Ventures denies that Southwest does not infringe the ’722 Patent and denies any remaining allegations of Paragraph 17.

18. Intellectual Ventures denies the allegations in Paragraph 18.

19. Intellectual Ventures admits that Southwest purports to seek a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’722 Patent. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 19.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’582 Patent)**

20. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

21. Intellectual Ventures denies the allegations in Paragraph 21.

22. Intellectual Ventures denies the allegations in Paragraph 22, including Southwest’s characterizations of the asserted claims and of the accused systems. Intellectual Ventures denies any remaining allegations of Paragraph 22.

23. Intellectual Ventures admits that an actual controversy exists between Intellectual Ventures and Southwest as to whether Southwest infringes the ’582 Patent. Intellectual Ventures

denies that Southwest does not infringe the ’582 Patent and denies any remaining allegations of Paragraph 23.

24. Intellectual Ventures denies the allegations in Paragraph 24.

25. Intellectual Ventures admits that Southwest purports to seek a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’582 Patent. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 25.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’080 Patent)**

26. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein. Intellectual Ventures denies that Intellectual Ventures lacks standing to assert the ’080 Patent, denies that joinder of the Regents of the University of California or of any other party is required, and denies any remaining allegations of Paragraph 26.

27. Intellectual Ventures denies the allegations in Paragraph 27.

28. Intellectual Ventures denies the allegations in Paragraph 28, including Southwest’s characterizations of the asserted claims and of the accused systems. Intellectual Ventures denies any remaining allegations of Paragraph 28.

29. Intellectual Ventures admits that an actual controversy exists between Intellectual Ventures and Southwest as to whether Southwest infringes the ’080 Patent. Intellectual Ventures denies that Southwest does not infringe the ’080 Patent and denies any remaining allegations of Paragraph 29.

30. Intellectual Ventures denies the allegations in Paragraph 30.

31. Intellectual Ventures admits that Southwest purports to seek a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’080 Patent. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 31.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’844 Patent)**

32. Intellectual Ventures incorporates by reference its responses to each of the

33. Intellectual Ventures denies the allegations in Paragraph 33, including that the asserted claims of the ’844 Patent are directed to an abstract idea, lack an inventive concept, are patent-ineligible, are anticipated or rendered obvious by any prior art, or are invalid for obviousness-type double patenting. Intellectual Ventures denies any remaining allegations of Paragraph 33.

34. Intellectual Ventures admits that Southwest purports to seek a declaratory judgment that one or more claims of the ’844 Patent are invalid. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 34.

**SIXTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’722 Patent)**

35. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

36. Intellectual Ventures denies the allegations in Paragraph 36, including that the asserted claims of the ’722 Patent are directed to an abstract idea, lack an inventive concept, are patent-ineligible, or are anticipated or rendered obvious by any prior art. Intellectual Ventures denies any remaining allegations of Paragraph 36.

37. Intellectual Ventures admits that Southwest purports to seek a declaratory judgment that one or more claims of the ’722 Patent are invalid. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 37.

**SEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’582 Patent)**

38. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

39. Intellectual Ventures denies the allegations in Paragraph 39, including that the asserted claims of the ’582 Patent are directed to an abstract idea, lack an inventive concept, are patent-ineligible, or are anticipated or rendered obvious by any prior art. Intellectual Ventures denies any remaining allegations of Paragraph 39.

40. Intellectual Ventures admits that Southwest purports to seek a declaratory judgment that one or more claims of the ’582 Patent are invalid. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 40.

**EIGHTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’080 Patent)**

41. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein. Intellectual Ventures denies that IV I does not hold all substantial rights in the ’080 Patent, denies that IV I may not proceed absent joinder of the Regents of the University of California or of any other party, and denies any remaining allegations of Paragraph 41.

42. Intellectual Ventures denies the allegations in Paragraph 42, including that the asserted claims of the ’080 Patent are directed to an abstract idea, lack an inventive concept, are

patent-ineligible, or are anticipated or rendered obvious by any prior art. Intellectual Ventures denies any remaining allegations of Paragraph 42.

43. Intellectual Ventures admits that Southwest purports to seek a declaratory judgment that one or more claims of the ’080 Patent are invalid. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 43.

**NINTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’282 Patent)**

44. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

45. Intellectual Ventures denies the allegations in Paragraph 45.

46. Intellectual Ventures states that Exhibit 15 to the Amended Complaint speaks for itself and denies Southwest’s characterizations of it and of Plaintiffs’ infringement allegations. Intellectual Ventures denies any remaining allegations of Paragraph 46.

47. Intellectual Ventures admits that an actual controversy exists between Intellectual Ventures and Southwest as to whether Southwest infringes the ’282 Patent. Intellectual Ventures denies that Southwest does not infringe the ’282 Patent and denies any remaining allegations of Paragraph 47.

48. Intellectual Ventures admits that Southwest purports to seek a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’282 Patent. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 48.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '282 Patent)**

49. Intellectual Ventures incorporates by reference its responses to each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

50. To the extent Paragraph 50 refers to the order of the court in *Intellectual Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-00980 (E.D. Tex.), Intellectual Ventures states that the order speaks for itself. Intellectual ventures denies any characterization by Southwest. Intellectual Ventures denies any remaining allegations of Paragraph 50.

51. Intellectual Ventures admits that Southwest purports to seek a declaratory judgment that one or more claims of the '282 Patent are invalid. Intellectual Ventures denies that Southwest is entitled to such a declaration or to any relief, and denies any remaining allegations of Paragraph 51.

**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**

52. Paragraph 52 contains Southwest's demand for a jury trial, to which no response is required. Intellectual Ventures likewise demands a trial by jury on all issues so triable.

**EXCEPTIONAL CASE**

53. Intellectual Ventures denies the allegations in Paragraph 53.

**PRAYER FOR RELIEF ON COUNTERCLAIMS**

Intellectual Ventures hereby incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Intellectual Ventures denies that Southwest is entitled to the relief requested in paragraphs (a) through (e) of its Prayer for Relief on Counterclaims and denies the allegations therein.

## DEFENSES TO COUNTERCLAIMS

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend this Answer as additional information becomes available, Intellectual Ventures asserts the following defenses to Southwest's Counterclaims:

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Intellectual Ventures hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

Dated: October 29, 2026

RESPECTFULLY SUBMITTED,

/s/ *Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted *pro hac vice*)
jwaldrop@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted *pro hac vice*)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted *pro hac vice*)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted *pro hac vice*)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted *pro hac vice*)
tnguyen@kasowitz.com
**KASOWITZ LLP**
One Embarcadero
Suite 1200
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 358-4408

Paul G. Williams (GA Bar No. 764925)
(Admitted *pro hac vice*)
pwilliams@kasowitz.com
**KASOWITZ LLP**
1230 Peachtree Street N.E., Suite 3750

Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Jeceaca An (NY Bar No. 5849898)
(Admitted *pro hac vice*)
jan@kasowitz.com
Binta A. Watkins (NY Bar No. 5482492)
(Admitted *pro hac vice*)
bwatkins@kasowitz.com
Kristine Abrenica (NY Bar No. 5781489)
(Admitted *pro hac vice*)
kabrenica@kasowitz.com
Paula Ajumobi (NY Bar No. 6056097)
(Admitted *pro hac vice*)
pajumobi@kasowitz.com
**KASOWITZ LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1800
Facsimile: (212) 506-1700

William D Ellerman (TX Bar No. 24007151)
wellerman@cjsjlaw.com
Ari B. Rafilson (TX Bar No. 24060456)
arafilson@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@sjcjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

**Attorneys for Plaintiffs**
**INTELLECTUAL VENTURES I LLC**
**INTELLECTUAL VENTURES II LLC**